10613.  FISHER *et al. v.* SHANDS *et al.*

1. Any act of the creditor which increases the risk of the surety or exposes him to greater liability will discharge the latter, whether the act be done with intent to defraud him or not. The jury having found by their verdict that the notes sued on were not altered, as alleged by the surety, and therefore that the surety's risk was not increased and he was not exposed to greater liability, the charge that an alteration which increases the risk of the surety must be made with intent to defraud, if error, was immaterial and harmless.

2. The defendants, having in their pleas admitted that the plaintiffs had complied with all the requirements of the statute in regard to giving 10-days notice of intention to bring suit and claim 10 per cent attorney's fees upon the notes sued upon, cannot afterwards be heard to complain that the notice served upon them failed to properly describe the notes, by incorrectly reciting the rate of interest called for therein, or that the trial judge erroneously charged the jury to find a verdict for such attorney's fees.

3. Where the defendant admits a prima facie case and sets up an affirmative defense, it is not error upon the part of the trial judge to charge the jury that the defendant must prove his defense by a preponderance of the evidence.

4. Where certain evidence which could not in any way affect the result of the trial was admitted, it is unnecessary for this court to pass upon an assignment of error objecting to the admissibility of such evidence upon the ground that it was secondary and that the foundation for its introduction had not been laid.

5. Where the trial judge properly charged the jury the law relative to all substantial issues made by the pleadings and the evidence, it was not error to fail to charge on other phases of the case, in the absence of a timely request properly made.

6. There being an issue of fact whether or not the notes sued upon had been altered after execution by the maker and the indorser, and the jury having found against such contention, and there being evidence otherwise to support the verdict, and no error of law appearing, the verdict will be sustained. There being, however, clearly a miscalculation as to the interest and attorney's fees, the judgment is affirmed with direction that the verdict be corrected.

DECIDED FEBRUARY 7, 1920.

Complaint; from Liberty superior court—Judge Sheppard. April 9, 1919.

*Melville Price, Edwin A. Cohen,* for plaintiffs in error.

*Oliver & Oliver,* contra.

STEPHENS, J. This was a suit upon several promisory notes, by the payees thereof, against the maker and the indorser. Both defendants in their pleas alleged that the notes as originally made and executed called for interest at the rate of 10 per cent. per annum,

and, after having been so executed, were altered by the plaintiff so as to call for interest at the rate of 8 per cent. per annum. Both defendants contended that as the notes originally called for 10 per cent. interest per annum, they constituted an usurious contract, and that they operated as a contract drawing interest at the rate of 7 per cent. per annum. The maker alleged that such alteration was material and was made by the plaintiffs, who claimed a benefit thereunder, with intent to defraud him, and that the notes sued upon did not constitute the same contract originally entered into by him with the plaintiffs, and that he was not liable thereon. The indorser alleged that he was a mere surety upon the notes, and that such alteration had been afterwards made by the plaintiffs without his consent and with intent to defraud him, that his risk as surety was thereby increased, and that this act upon the part of the plaintiffs operated to release him from his contract of suretyship. There was evidence on these issues. The jury found for the plaintiffs against both defendants for the principal sum sued for with interest at the rate of "8%" per annum.

The judge having charged the jury that if the notes had been altered so as to call for 8 per cent. subsequent to their execution by the maker and indorser, they should be regarded as drawing interest at the rate of 7 per cent, and, the jury having found a verdict finding the interest at the rate of 8 per cent. and finding the surety liable, they necessarily concluded that the notes had not been altered and that the surety's risk had not been increased, but that the notes when originally made and executed both by the maker and indorser, called for interest at the rate of 8 per cent. If the jury had found that an alteration had been made, even though without intent to defraud, they would not have found, under the charge of the court, a verdict for interest at the rate of 8 per cent., but would have found a verdict for interest at 7 per cent. The jury having found that the notes were not altered and that the surety's risk was not increased, and that he was not exposed to greater liability, an instruction to the jury that in order to discharge the surety by an alteration which increased his risk, it must have been made with intent to defraud, was harmless. There being a miscalculation as to the interest and attorney's fees, the same being excessive, direction is given that the verdict

be corrected so as to read for the true amounts, viz., $710.93 interest, and $333.75 attorney's fees.

*Judgment affirmed, with direction. Jenkins, P. J., and Smith, J., concur.*