### 45022. RICHARDSON v. NU-WAY CLEANERS & LAUNDRY.

Jordan, Presiding Judge. This appeal is from an order of the trial court dismissing an appeal to this court. It is uncontroverted that the appellant failed to perfect the dismissed appeal by filing a transcript in the lower court within 30 days after filing the notice of appeal, and that he failed to obtain an order extending the time in which to file the transcript. He did file a pauper's affidavit that he was unable to pay costs, and dehors the record he shows that the reporter demanded payment of $100 before preparing the transcript, but this was more than three weeks before the expiration of the period for filing the transcript.

Even if this court could consider facts dehors the record, the demand for advance payment, nothing more appearing, affords no legal justification for failure to make a timely application to extend the time for filing the transcript, which "must be made before expiration of the period for filing as originally prescribed or as extended." Ga. L. 1965, pp. 18, 21 (*Code Ann.* § 6-804). It is the responsibility of the party requiring the transcript to cause it to be filed within 30 days after filing the notice of appeal, unless the time is extended, and, upon timely application, it is the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete the transcript. Ga. L. 1965, pp. 18, 26 (*Code Ann.* § 6-806). Moreover, the law provides alternative methods for the preparation of a transcript or substitute therefor, including provisions specifically recognizing the preparation by other means if a party is unable to pay for the cost of reporting. See Ga. L. 1965, pp. 18, 24 (*Code Ann.* § 6-805).

Under the 1968 amendment to the Appellate Practice Act, "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party." Ga. L. 1968, pp. 1072, 1074 (*Code Ann.* § 6-809 (b)). The effect of this amendment is to permit disposition of the case in the trial court (*Fahrig v. Garrett,* infra) but had the trial court not acted under this authority, the original appeal would nevertheless be subject to dismissal in this court for failure to file the transcript on time or to obtain an extension of the period for filing. *Fahrig v. Garrett,* 224 Ga. 817 (165 SE2d 126); *Hardy v. D. G. Machinery &c. Co.,* 224 Ga. 818 (165 SE2d 127); *Gresham v. State,* 120 Ga. App. 465 (170 SE2d 767).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

SUBMITTED JANUARY 9, 1970—DECIDED MARCH 17, 1970.

*C. E. Thompson,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr., William S. Shelfer, Jr.,* for appellee.