### 49417, 49418. BROOKSHIRE et al. v. J. P. STEVENS COMPANY; and vice versa.

EVANS, Judge.

Charles Brookshire, while driving a Chevrolet automobile, and Charles L. Martin, while driving a truck owned by J. P. Stevens Co. in and about his master's business, were involved in a collision in the City of Rossville, Georgia, on January 8, 1970, at or near the intersection of Clark Street and Chickamauga Avenue (or Rossville Boulevard). Brookshire contended he made a left turn from Clark Street, after stopping at a stop sign, turned into the southbound lane of Chickamauga Avenue and approximately 65 feet from the intersection, Martin crossed over the center line and struck his vehicle in the left side. Martin contended he was proceeding north on Rossville Boulevard (Chickamauga Avenue?) in the inside lane next to the median approaching the Clark Street intersection when Brookshire suddenly ran through the stop sign, cut across in front of him in

making a left turn, forcing him into a sudden emergency of stopping to avoid an even worse collision. He contended he was almost stopped when Brookshire's automobile struck the left front bumper of the truck, only damaging the headlight but raking Brookshire's automobile along the left side.

Brookshire was taken to the hospital in an ambulance. He was later operated on for a ruptured disc in his back.

Brookshire sued J. P. Stevens Co. for personal injuries and for damage to his automobile allegedly arising out of the negligence of defendant's driver which proximately caused same. Mrs. Brookshire filed a separate suit seeking loss of consortium.

Defendant answered both suits, admitted jurisdiction and the collision of vehicles, but denied the claim alleged against it. It also filed defenses that it was not negligent, the negligence of the plaintiff equaled or exceeded its negligence, if any; it did not cause or contribute to plaintiff's injuries, and it was an accident.

Plaintiff amended, contending the operator of defendant's truck was going too fast for the conditions and potential hazards then existing, failed to control his speed so as to avoid the collision, failed to reduce speed approaching an intersection and was driving on the left side of the highway. Defendant also amended its answers, contending plaintiff violated certain named code sections therein listed of the state traffic law. Plaintiff moved for a more definite statement as to the violations of the listed code sections. A pre-trial hearing was held and pre-trial order issued. Defendant then amended its answers adding defenses of negligence per se of the plaintiff in running a stop sign and sudden emergency. Plaintiffs then filed motions for more definite statement and motions to strike the amendments. Defendant filed another amendment to its answer, enlarging it to include defenses of failing to yield right-of-way, use its turn signals or hand signals, to stop properly and to keep a proper lookout and to otherwise observe due care. Two orders in the record recited that the court denied the "within motion," but since there are two identical cases and more than one motion, we cannot ascertain what

motions in which case were denied.

The cases proceeded to trial, resulting in "not guilty" verdicts in favor of the defendant. The court then granted judgments in defendant's favor. Motion for new trial was filed, continued and then denied before the transcript was prepared. A number of extensions of time were then filed until defendant filed a motion to dismiss the appeal because plaintiff had not ordered the record, attaching an affidavit of the court reporter to that effect. However, the court reporter in the affidavit recited that he had not been paid for "take-down fee" and other accrued costs, and had advised counsel for plaintiffs he did not intend to prepare the transcript until paid the costs to date.

After a hearing, the motion to dismiss was denied, financial arrangements were allegedly made, and the court reporter again was unable to prepare the transcript on time and additional extensions of time were granted. Plaintiff appeals the original judgment, showing its motion for new trial as overruled before the record was perfected. Defendant cross-appeals the denial in the lower court of its motion to dismiss the appeal. *Held:*

1. A number of extensions of time were granted by the court. Defendant then investigated and found there existed an impasse between the reporter and counsel for the plaintiffs with reference to preparing the record. The court has a broad discretion in granting extensions of time. Code Ann. §§ 6-804, 6-806 (Ga. L. 1965, pp. 18, 21, 26). The affidavit of the reporter does not show that plaintiff had made no request to have the transcript prepared, but that he had advised counsel for plaintiffs that he would not transcribe it until paid for accrued costs due him to date. In *Richardson v. Nu-Way &c. Laundry,* 121 Ga. App. 425 (174 SE2d 202), an appeal was affirmed because an extension of time was not requested, where costs had not been paid. Here such extension was granted and defendant seeks to set it aside. This court is controlled by the Constitution (Code Ann. § 2-3705, Const. of 1945) and dismisses appeals when there are delays in transmission due to the fault of appellant or his counsel. Here there has been no delay in transmission, but the lower court refused to dismiss the appeal because the

reporter had not started to prepare it because of a financial dispute with counsel for plaintiff. Where there has been an unreasonable delay and it is shown that the delay was inexcusable and was caused by the failure of the party to pay costs in the trial court or file pauper's affidavit, the trial court *may* order the appeal dismissed. Code Ann. § 6-809 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1074; 1972, p. 624). Does this mean that the court *shall* dismiss the appeal? No. The entire Code section gives to the court a very broad discretion. Indeed, the court may require "a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal." This the court did, and there is no merit in defendant's complaint that the trial court should have dismissed the appeal.

2. Motions for more definite statement are not favored inasmuch as discovery procedures should be extensively used to obtain such information. See *Emerson v. Fleming,* 127 Ga. App. 296 (3), 298 (193 SE2d 249). Such motions are available only when a defendant is unable to frame an answer. Here there was no request for continuance in order to seek discovery and plaintiffs were absent from one hearing of the motion before pre-trial. After pre-trial, if discovery was needed as a result of the amendment, a continuance to allow time for discovery should have been requested rather than a motion for more definite statement.

3. A party may amend his pleadings as a matter of course before entry of a pre-trial order. After a pre-trial order, leave of the court should be obtained. But leave should be freely given when justice so requires. Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). The denial of the motion to strike and failure to strike the amendment was tantamount to leave of the court to file the amendment. Plaintiff plead surprise, but made no motion for continuance when his motion to strike was denied. Accordingly, the court did not abuse its discretion in refusing to strike the amendment.

4. Objection was made to a question asked of the

plaintiff on cross examination that did he not plead guilty to running a stop sign and driving without a license. The objection was that it was irrelevant and immaterial, and the record of any hearing would be the highest and best evidence in the case. The court overruled the objection. Counsel did not pursue that question and no answer was given. But then counsel asked whether the witness recalled going to the hearing. In response, the plaintiff answered, "I went down and paid it off." The answer was not responsive to the question, and the information about paying off a fine was voluntarily admitted. Nor was it an admission that the plaintiff had pleaded guilty. Since the plaintiff voluntarily answered as he did without properly responding to the question, we find no harmful or reversible error in this enumeration.

5. Defendant did not admit a prima facie case, but denied the complaint, although it admitted a collision had occurred. Defendant filed no counterclaim as was done in *Whitley Construction Co. v. O'Dell,* 94 Ga. App. 426, 429 (94 SE2d 784), and neither that case nor *Fisher v. Shands,* 24 Ga. App. 743 (3) (102 SE 190), cited by plaintiffs, is applicable here. It would have been erroneous for the court to have given a charge that where the defendant admits a prima facie case and sets up an affirmative defense, the defendant must prove his defense by a preponderance of the evidence.

6. Witnesses offered by the opposing parties were absolutely at odds as to how the collision occurred and as to the exact spot where it occurred. Accordingly, the court did not err in refusing to give the requested instruction that plaintiffs would be entitled to recover because of the intervention or intervening negligence of defendant's driver in failing to avoid the collision.

7. Plaintiff was making a left turn into Chickamauga Avenue from Clark Street. Chickamauga was shown to be a through highway, whereas a stop sign was located at Clark Street where it entered Chickamauga Avenue. The court did not err in charging the jury on the subject matter of signals and the rules governing motor vehicles at intersections of roadways and streets. Plaintiffs contend that in making a left turn at the stop sign he was not required to give a turn signal

because the driver of the truck was not behind him, but proceeding north on Chickamauga Avenue. The statute provides that such signal must be given if other traffic may be affected by such movement. In this case other traffic was so affected. The charge must be adjusted to both the pleadings and the evidence. *Futch v. Jarrard,* 203 Ga. 47, 51 (45 SE2d 420); *Thornton v. Parker,* 208 Ga. 633, 638 (68 SE2d 695).

8. Defendant's driver testified that he was faced with a sudden emergency when he suddenly realized plaintiff was not stopping at the stop sign and proceeded into the lane in front of him. For the reasons stated in Division 7 above, the court did not err in charging on sudden emergency.

9. The duty of the jury is to weigh the evidence and make its choice. While there was evidence which would have authorized a verdict for the plaintiffs in some amount, it did not demand it. There was also evidence which authorized the verdict for the defendant. *Daniels v. Hartley,* 120 Ga. App. 294, 295 (170 SE2d 315). The court did not err in overruling the motion for new trial as to the general grounds.

*Judgment affirmed. Stolz and Webb, JJ., concur.*

ARGUED MAY 30, 1974 — DECIDED OCTOBER 22, 1974.

*Wade H. Leonard,* for appellants.
*Pittman, Kinney, Kemp, Pickell & Avrett, Donald G. Loggins, L. Hugh Kemp,* for appellee.