## A91A1073. NALLEY MOTOR TRUCKS, INC. v. COCHRAN et al.
### (408 SE2d 501)

BIRDSONG, Presiding Judge.

Nalley Motor Trucks, Inc., appeals from a judgment, following a jury verdict, in favor of Sam Cochran and Charlene Cochran d/b/a Cochran Hauling, Inc., on the Cochrans' claims against Nalley for fraudulently charging for repairs which were not made, including parts and labor, on a large dump truck tractor that was damaged in a collision. The estimate of the cost to repair the truck was over $21,000.

Nalley's only enumeration of error is that the judgment should be reversed because the trial court erred by refusing to admit in evidence two photographs. *Held*:

The issue on appeal concerns only one of many items of parts and labor for which the Cochrans successfully asserted they were fraudulently charged. Construed in a light most favorable to the verdict, the evidence showed that Nalley presented a detailed estimate of the work necessary to repair the truck, including which parts could be repaired and which repairs required new parts. Further, Mr. Cochran instructed Nalley's personnel several times that all parts replaced were to be saved for him, but most were not. When the Cochrans first attempted to pick up the truck, Mr. Cochran noted that certain work had not been completed, that only a few of the parts allegedly replaced had been saved, and that although he was charged, certain work had not been performed as designated on the estimate. Because of these discrepancies, Mr. Cochran left the truck. When Mr. Cochran ultimately picked up the truck, he was informed his bill would be reduced by almost $500. Nevertheless, inspection revealed that a substantial number of repairs for which he was charged had not been made, some allegedly new parts were actually old parts, and that an effort was made to conceal these facts.

The photographs excluded are of only one of the many parts in question. Also, the record shows the Cochrans introduced photographs of the part installed by Nalley on the truck and several witnesses testified that the part on the vehicle was used and explained, using the Cochrans' photographs, that their opinions were based on the presence of old paint, grease, rocks, asphalt, hangers cut off and rewelded, and also that the part did not look like new metal.

Nalley's witnesses testified that a new part was installed, and testified emphatically that the Cochrans' own photographs showed that Nalley put a new part on the truck. Further, Nalley's witnesses testified in detail that the part had welded hangers because it came without hangers and hangers must be welded on the part to attach it to the truck.

The excluded photographs purport to show the part in question

as it lay on a forklift in the parts supply house from which Nalley would obtain the part. According to Nalley, the photographs would have shown that the part came without hangers.

We start from the proposition that issues concerning the admissibility of evidence are committed to the sound discretion of the trial court and the trial court's rulings will not be reversed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508). "Furthermore, the quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." (Citation and punctuation omitted.) *Bradshaw v. State*, 172 Ga. App. 330, 331 (323 SE2d 253).

Nalley's witness testified that the photographs were taken after Nalley found out it was going to be in the lawsuit, that the photographs accurately depicted the "type" of part used on the Cochrans' truck as it came to Nalley new from the parts warehouse. Although the Cochrans specifically objected that the photographs had not been "identified in terms of time," none of Nalley's witnesses testified the photographs accurately depicted the type of new part used at the time the part in question was installed on the Cochrans' truck. Accordingly, the trial court did not abuse its discretion by excluding these photographs. *Trammell v. Matthews*, 86 Ga. App. 661, 667 (72 SE2d 132).

Moreover, assuming the trial court abused its discretion by excluding these photographs, an appellant must show harm as well as error. *Miller Grading Contractors v. Ga. Fed. Sav. &c. Assn.*, 247 Ga. 730, 734 (279 SE2d 442). Although this particular part was the subject of significant controversy, it was but one of many such parts listed on seven pages of parts purportedly used to repair the Cochrans' truck and which were the subject of much of two volumes of testimony. Further, three of Nalley's witnesses testified these parts came as new parts without hangers and that hangers must be welded on the part. Thus, as these three witnesses testified to the fact that these photographs were intended to illustrate, the photographs were merely cumulative of the other evidence. Under the circumstances, we must conclude that any error was harmless. OCGA § 9-11-61; *Moore v. Sinclair*, 196 Ga. App. 667, 670 (396 SE2d 557).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 15, 1991.

*Thomas G. Whatley, Jr.*, for appellant.
*Barry Staples,* for appellees.