## A96A0862. WASZCZAK et al. v. CITY OF WARNER ROBINS et al.

(471 SE2d 572)

RUFFIN, Judge.

John Waszczak sued the City of Warner Robins and others for personal injuries he claims he received in an accident involving his vehicle and a truck belonging to the City of Warner Robins and driven by Robert Louis Rumph. Grace Waszczak, John Waszczak's wife, also sued for loss of consortium arising out of the same incident. The jury rendered a verdict for the City of Warner Robins and Rumph, leading to this appeal. We affirm.

Mr. Waszczak alleged he injured his back and knee when Rumph, an employee of the City of Warner Robins, pulled out in front of him. Rumph testified Waszczak came over a hill at a high rate of speed and said he could not see Waszczak's vehicle before he entered the intersection. Waszczak testified Rumph's truck was already in the intersection when he came over the hill. Rumph was cited by the police for failure to yield the right-of-way in violation of OCGA § 40-6-72. He subsequently paid a fine in connection with this citation.

The parties also disputed whether a collision actually occurred. According to Waszczak, his car collided with Rumph's truck. However, Rumph testified there was no contact between the vehicles. In any event, Waszczak's vehicle went into a spin on the wet road as he attempted to steer clear of Rumph's truck. Rumph testified during his deposition that his truck was "just like one that had come off the show case." At trial, Rumph was presented with photographs of his truck taken by the Warner Robins Police Department on the morning of the incident which showed a rust-colored substance on the truck's bumper. Rumph testified unequivocally that the substance was rust from a previous accident.

1. In their first enumeration of error, the Waszczaks assert the trial court erred in granting the defendants' motion in limine and refusing to allow the jury to consider evidence that Rumph paid a fine in connection with his traffic citation for failure to yield the right-of-way. According to the Waszczaks, this evidence was admissible as conduct inconsistent with Rumph's trial position that he was not liable for the Waszczaks' injuries. We disagree.

"This court has consistently held inadmissible evidence of any traffic court initiation or disposition of a case against the parties to a collision" unless the party has entered a guilty plea in traffic court, thereby admitting liability. *Townsend v. Brantley*, 163 Ga. App. 899 (1) (296 SE2d 186) (1982). Even "an adjudication of guilt by a traffic court that the defendant was in violation of a law alleged to be the proximate cause of the plaintiff's injuries is inadmissible as irrelevant and immaterial . . . [cits.]" since the defendant does not make any admission of guilt under this circumstance. *Hunter v. Hardnett*,

199 Ga. App. 443 (1) (405 SE2d 286) (1991). Using this same logic, we have previously held that evidence of a nolo contendere plea to a traffic citation is inadmissible since it is not an admission of guilt. *Reese v. Lyons*, 193 Ga. App. 548 (5) (388 SE2d 369) (1989); *Windsor Forest v. Rocker*, 121 Ga. App. 773 (2) (175 SE2d 65) (1970).

Contrary to the Waszczaks' assertion, this case is not analogous to *Roberts v. Ledbetter*, 218 Ga. App. 860 (1) (463 SE2d 533) (1995). In *Roberts*, the cited party failed to appear to contest the citation. As in other failure to appear cases, the court noted that a party's failure to appear is deemed an admission of guilt, and this admission may subsequently be used in a civil action for damages. Id.; see also *Cannon v. Street*, 220 Ga. App. 212 (469 SE2d 343) (1996). These rulings are consistent with OCGA § 40-13-58, which provides that a party cited for a traffic violation who posts a cash bond and subsequently forfeits the bond by failing to appear has legally pled guilty. The evidence in this case shows that Rumph appeared in court at the designated time, then subsequently paid the fine before he was scheduled to re-appear in court. Thus, unlike *Roberts*, this case does not involve the total failure of a defendant to appear in court. Moreover, Rumph's specific denial of guilt takes this case out of the realm of the bond forfeiture situation.

The Waszczaks presented no evidence that Rumph pled guilty to the traffic citation. They tendered into evidence the traffic citation, but the blocks on the reverse side of the citation indicating the disposition of the charge against the accused show that Rumph entered a plea of "not guilty" prior to paying his fine. Unlike *Hunter*, this is not a case in which two different blocks have been checked, making the citation ambiguous and subject to conflicting interpretations. *Hunter*, supra at 443-444. In addition, unlike *Cannon*, supra, and *Henderson v. Henderson*, 94 Ga. App. 64, 71-72 (1) (93 SE2d 822) (1956), this is not a case where the defendant paid the traffic fine while admitting he was guilty in and out of court. Here, the Waszczaks have failed to prove that any admission was ever made in the first place. In *Townsend*, supra, the court affirmed the exclusion of a guilty plea "allegedly" made by the defendant because the plaintiff failed to show that the defendant actually pled guilty. Id. at 900.

Rumph's traffic citation is stamped "collateral forfeited," meaning Rumph chose to pay his fine rather than appear in court. While the Clerk of Court for Warner Robins Municipal Court testified that the State treats such an action as a bond forfeiture and an admission of guilt, we decline to adopt the clerk's interpretation of this action as an admission of guilt. There are many reasons why an individual may choose to pay the fine rather than appear in court. In addition, as previously noted, we have held that evidence of a nolo contendere plea, which is usually accompanied by the payment of a traffic fine, is

inadmissible in civil litigation. We also have previously held that the statement "I went down and paid it off" is not an admission that the individual pled guilty. *Brookshire v. J. P. Stevens Co.*, 133 Ga. App. 97, 100-101 (4) (210 SE2d 46) (1974).

In light of Rumph's initial plea of not guilty to the citation and the lack of evidence showing Rumph changed his plea by affirmatively admitting guilt or by totally failing to appear in court, we find the Waszczaks failed to carry their burden of "proof of an explicit voluntary admission by a person of a fact adverse to his own interest. . . . [Cits.]" *Henderson*, supra at 72. Therefore, we affirm the trial court's ruling on this issue.

2. In their second enumeration of error, the Waszczaks contend the trial court erred in refusing to give their requested charge on impeachment. They assert the charge should have been given because Rumph's deposition testimony that his truck was "just like one that had come off the show case" was impeached by his trial testimony that his truck had rust on the bumper from a previous incident where he backed into a loading dock.

"For a refusal to charge to be error, the request must be correct, adjusted to the evidence, and not otherwise covered in the general charge. [Cit.]" *Sharp v. Fagan*, 215 Ga. App. 44, 46 (4) (449 SE2d 648) (1994). The charge, as requested by the Waszczaks, referred to impeachment by contradictory statements *and* by disproving facts to which a witness testified. Impeachment by disproving facts to which a witness testifies and impeachment by contradictory statements previously made by a witness are two separate and distinct forms of impeachment. OCGA §§ 24-9-82 and 24-9-83. In this case, the Waszczaks cite no evidence and we find no evidence that Rumph or any other witness was impeached by disproving the facts to which that witness testified.

Accordingly, though *part* of the Waszczaks' requested charge regarding impeachment may have been applicable,[1] it was not reversible error for the trial court to refuse to give the imperfect request. *Leonard v. Miller*, 207 Ga. App. 602 (3) (428 SE2d 646) (1993); *Aiken v. Glass*, 95 Ga. App. 849 (5) (99 SE2d 426) (1957). "The court may refuse requests which need qualifications, modification or restriction. It has been said that unless the charge ought to be given in the very terms in which requested, it should be refused altogether. The trial court is not under any obligation to rewrite an instruction which either party requests to be given." (Citation and punctuation omitted.) *Leonard*, supra at 604-605.

---

[1] We need not address whether Rumph's testimony actually constituted contradictory statements.

Moreover, as in *Sharp*, supra, the exchange regarding whether the truck was in show case new condition or had rust on the bumper "is not such a 'material matter' requiring a specific instruction on impeachment." *Sharp*, supra at 46. The trial court's charge on the credibility of witnesses adequately covered the necessary principle.

3. In their final enumeration, the Waszczaks claim the trial court erred in overruling their motion in limine and allowing the jury to consider evidence of a subsequent automobile collision involving Mr. Waszczak. We disagree.

In February 1994, Mr. Waszczak was involved in an unrelated collision with another vehicle. The Waszczaks moved in limine to exclude evidence of this collision, arguing the evidence was prejudicial and allowed the jury to infer Mr. Waszczak was accident-prone. While Mr. Waszczak claimed the incident with Rumph caused back and knee problems and that he received no injuries in this second automobile accident, the medical evidence disputed this assertion. Prior to the February 1994 accident, Mr. Waszczak received treatment *only* for back pains and problems. Mr. Waszczak's last visit to a doctor prior to the February 1994 accident was on November 24, 1992, and treatment at this visit was for back problems only. Two months after the February 1994 accident and fourteen months after his last doctor's visit, Mr. Waszczak complained to a doctor for the first time about knee problems.

Based on the evidence in the record, the trial court partially granted the Waszczaks' motion in limine by disallowing evidence of the February 1994 accident to be used to infer that Mr. Waszczak was accident-prone, but allowed this evidence with respect to the question of damages. The trial court also instructed the jury, at the Waszczaks' request, to consider the evidence "only for the limited purpose for allowing you to assess what effect, if any, it had on Mr. Waszczak's damages in this case."

The scope of cross-examination is within the discretion of the trial court and will not be disturbed on appeal unless there is evidence of manifest abuse. *Thomas v. Clark*, 188 Ga. App. 606, 608 (4) (373 SE2d 668) (1988). Based on the foregoing, the Waszczaks have failed to demonstrate that the trial court abused its discretion in admitting evidence of Mr. Waszczak's 1994 accident for the limited purpose of assessing its effect on Mr. Waszczak's damages.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 23, 1996 — ▮▮▮▮▮▮▮▮

*Adams & Adams, Charles R. Adams III, Nelson & Lord, Ellis M. Nelson*, for appellants.

*Chambless, Higdon & Carson, Jon C. Wolfe, James E. Elliott, Jr.,* for appellees.