A02A2328. HOWARD et al. v. LAY.
(577 SE2d 75)

ELLINGTON, Judge.

Plaintiffs Janice and Benjamin Howard[1] appeal from the denial of their motion for new trial following a jury verdict in favor of the defendant, Sandra Lay, in this personal injury case. For the following reasons, we affirm.

The evidence presented at trial, viewed in favor of the jury's verdict,[2] showed that before dawn on September 28, 1998, Janice Howard was driving on Kelly Chapel Road in Decatur. Lay made a right-hand turn onto Kelly Chapel Road from a side road after stopping at a stop sign. Lay testified that she looked for but did not see any headlights of approaching cars. As Lay made the right turn, Howard's vehicle struck Lay's truck on the driver's side. Both vehicles suffered major damage and both drivers were taken to the hospital. Howard sued Lay for injuries resulting from the collision.

1. In her first enumeration of error, Howard contends the trial court abused its discretion in excluding Lay's traffic citation and bond forfeiture. The record shows that Lay was cited for failing to yield at a stop sign and that she forfeited her bond by failing to appear in court on the citation. Howard argues that it should have been admitted to prove that Lay was negligent per se. Under the circumstances presented here, we disagree.

> Where a defendant cited for a traffic violation posts a cash bond . . . and fails to appear in court at the term of court and on the day set in the original citation and complaint, then . . . such failure shall be construed as an admission of guilt and the cash bond may be forfeited. OCGA § 40-13-58. The rule, as to parties to a suit, is that, while convictions for criminal offenses are inadmissible in a civil action of this kind, a plea of guilty may be shown as an admission against interest.

(Citations and punctuation omitted.) *Cannon v. Street*, 220 Ga. App. 212, 214 (2) (469 SE2d 343) (1996) (defendant admitted that he failed

[1] Benjamin Howard brought a loss of consortium claim as part of his wife's personal injury claim.

[2] *Tecumseh Products Co. v. Rigdon*, 250 Ga. App. 739 (552 SE2d 910) (2001).

to appear in court and forfeited his bond). "Under such circumstances, plaintiff has established negligence per se in the violation of a statute, which is a prima facie showing of negligence." (Citation and punctuation omitted.) *Roberts v. Ledbetter*, 218 Ga. App. 860 (1) (463 SE2d 533) (1995) (the defendant's admission that he failed to appear to contest a traffic citation could be used to establish negligence); *Henderson v. Henderson*, 94 Ga. App. 64, 72 (1) (93 SE2d 822) (1956) (proof of defendant's " 'explicit voluntary admission' " of a fact adverse to her own interest is prima facie evidence of that fact). This Court has also ruled, however, that no such "explicit voluntary admission" of guilt occurred when a defendant simply paid his fine after pleading not guilty on a citation, pled nolo contendere, or was adjudicated guilty by a traffic court after pleading not guilty. *Waszczak v. City of Warner Robins*, 221 Ga. App. 528-530 (1) (471 SE2d 572) (1996) (defendant chose to pay his fine rather than appear in court); *Henderson v. Henderson*, 94 Ga. App. at 72 (1); see also *Brookshire v. J. P. Stevens Co.*, 133 Ga. App. 97, 100-101 (4) (210 SE2d 46) (1974) (defendant's statement that he " 'went down and paid it off' " was not an admission that he pled guilty to a traffic citation). As shown below, the question presented in this case is whether a defendant can be deemed to make an "explicit voluntary admission" of guilt when they fail to appear on a traffic citation of which they have no prior knowledge.

The transcript shows that, after Howard rested her case, Lay asked the court to allow her to present evidence in support of her motion in limine to exclude evidence of the traffic citation. The court allowed Lay to testify outside the presence of the jury, and Howard did not object. Lay testified that she was unconscious immediately after the collision. Lay testified that she was not given a citation after the wreck, that she did not pay the fine, and that she did not plead guilty based upon the citation. She testified that her husband must have paid the fine on her behalf while she was still recuperating from her injuries, but that she did not find out about the citation until her lawyer mentioned it at her deposition 18 months later. Howard cross-examined Lay about her awareness of the citation. In addition to Lay's testimony, the record shows that the officer who issued the citation noted on it that Lay was "unable to sign due to injuries." Having considered this evidence, the trial court ruled as follows:

> [the] admission of [a] bond forfeiture as an admission of a guilty plea is based on the premise that it is an admission. . . . I think for it to be an admission there has to be an assumption that the person knew about the appearance date. On the evidence before me at this moment, I don't

believe that a case can be made out by a preponderance of the evidence that this is an admission, and hence I would exclude it.

Howard's counsel stated that he understood the ruling and would abide by it.

At the motion for new trial, Howard challenged the court's exclusion of the citation and attempted to impeach Lay's testimony that she had been unconscious. Howard presented the testimony of the officer who issued the citation in an effort to show that Lay lied on the stand about her condition following the accident. Pretermitting whether the officer's testimony was even admissible on a motion for new trial as "newly discovered evidence,"[3] it showed only that the officer could not remember if Lay was conscious at the time he issued the citation. The trial court reaffirmed its finding that Lay did not intentionally fail to appear on the citation and ruled that there had been no admission of guilt. According to the trial court's order on the motion for new trial, "when there is no known opportunity to respond, where a party had no knowledge of the citation, a failure to act does not reasonably result in an inference of an admission of guilt as to the charge."

We find that Howard has failed to demonstrate that Lay's unintentional failure to appear on the citation was admissible as " 'an explicit voluntary admission by [Lay] of a fact adverse to [her] own interest.' " *Waszczak v. City of Warner Robins*, 221 Ga. App. at 530 (1). Therefore, the court did not abuse its discretion in refusing to admit Lay's traffic citation and bond forfeiture as proof of an admission of guilt.

2. Howard contends the trial court erred in refusing to grant her post-trial motion asking the court to order the hospital that treated Lay after the accident to produce her treatment records. Howard hoped to use the medical records to impeach Lay's trial testimony that she was unconscious after the collision and, therefore, to demonstrate at the motion for new trial that Lay had committed a fraud on the court. We find Howard's contentions to be without merit. The

---

[3] To the extent that Howard argues that she was prejudiced when, on the second day of trial, the trial court allegedly reversed an earlier, preliminary ruling on the admissibility of the citation, we find no prejudice. Howard argues that she would have continued to pursue the officer's testimony for presentation at trial if she had known the citation would not be admitted absent such testimony. As the trial court found, however, any suggestion that Howard would have secured the police officer's attendance at trial was mere speculation given her admitted inability to contact the officer prior to trial. Howard's counsel claimed that he had tried "at least 20 times" to reach the officer before trial but was unable to contact him. Howard did not subpoena the officer for trial. Accordingly, Howard cannot reasonably claim that she was prejudiced when she relied on statements by the trial court and "relented in [her] efforts to secure the testimony" of the officer.

period for discovery had expired several months before her post-trial motion. Further, the medical records clearly do not meet the six requirements to justify a new trial based upon newly discovered evidence.[4] There was no error.

3. Howard contends the trial court erred in refusing to admit two radiology reports that her medical expert reviewed. Pretermitting whether the radiology reports were admissible, the transcript shows that the reports would have been merely cumulative of other evidence presented by Howard, including the comprehensive medical records of a physician who originally treated Howard and who considered the radiology reports in his diagnosis and treatment of Howard. Accordingly, Howard is unable to demonstrate that she was harmed by the exclusion of the radiology reports. See *Nalley Motor Trucks v. Cochran*, 200 Ga. App. 487, 488 (408 SE2d 501) (1991) (appellant must show both an abuse of discretion and harm arising from the exclusion of evidence).

4. In three enumerations, Howard alleges that Lay committed perjury and fraud on the court and that the trial court was biased toward Lay.[5] None of these allegations are supported by the record. We find these allegations to be wholly without merit. Further, enumerations 2 and 3 are not supported by authority and are, therefore, deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Smith, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 30, 2003.

*Cyprian T. Okonkwo*, for appellants.
*Temple, Strickland, Dinges & Schwartz, William D. Strickland, Jason B. Schwartz*, for appellee.

---

[4] Specifically, based upon the record, the evidence failed to meet the following criteria: it must have been discovered after the trial; its late discovery must not have been due to a lack of diligence; it would not be cumulative only; and it must not operate only to impeach a witness. See *Collins v. Kiah*, 218 Ga. App. 484, 485-486 (2) (462 SE2d 158) (1995).

[5] For example, Howard asserted that the trial court's approach to the case was illegal and showed partiality toward the defendant; criticized the trial court's "calculated effort" to justify its ruling; stated that "[t]he conduct of the trial court of this case leaves a lot to be desired"; and characterized a ruling by the court as "a haphazard attempt to obscure a grave miscarriage of justice perpetuated against [Howard]."