## A03A0919. EUBANKS v. WALDRON.
(587 SE2d 253)

RUFFIN, Presiding Judge.

David Eubanks sued Alfred Waldron for injuries Eubanks allegedly sustained when his car collided with Waldron's vehicle. According to Eubanks, Waldron proximately caused the wreck by suddenly slowing his vehicle on the highway and impeding the flow of traffic. Waldron denied liability. The case proceeded to trial, and the jury returned a verdict for Waldron. In his sole enumeration of error, Eubanks argues that the trial court erred in restricting his cross-examination of Waldron. For reasons that follow, we affirm.

The record shows that, before trial, Waldron moved in limine to exclude any reference to a traffic ticket he received relating to the wreck. Waldron noted that Eubanks had not listed the ticket or the record of its disposition as an exhibit in the pretrial order. He further argued that the ticket did not reflect the disposition and that Eubanks failed to proffer a certified copy of the conviction. The trial court granted the motion. Eubanks subsequently requested permission to impeach Waldron with his deposition testimony regarding the traffic ticket, but the trial court denied that request.

Waldron testified at his deposition that he recalled receiving a traffic citation for impeding the flow of traffic and that he "just paid it." On appeal, Eubanks argues that he should have been allowed to cross-examine Waldron regarding this "admission."

Decisions regarding the admissibility of evidence and the scope of cross-examination fall within the trial court's discretion.[1] Such decisions will not be reversed absent a clear abuse of discretion.[2] The record reveals no abuse here.

We have "consistently held inadmissible evidence of any traffic court initiation or disposition of a case against the parties to a collision unless the party has entered a guilty plea in traffic court, thereby admitting liability."[3] And payment of a traffic fine is not, by itself, an admission of guilt.[4] We recognize that, under OCGA § 40-13-58, "[w]here a defendant cited for a traffic violation posts a cash bond . . . and fails to appear in court . . . on the day set in the original citation[,] . . . such failure shall be construed as an admission of guilt and the cash bond may be forfeited." That admission constitutes a prima facie showing of negligence and is conclusive if not rebutted.[5]

---

[1] See *Waszczak v. City of Warner Robins*, 221 Ga. App. 528, 531 (3) (471 SE2d 572) (1996); *Hunter v. Hardnett*, 199 Ga. App. 443, 444 (1) (405 SE2d 286) (1991).

[2] See *Waszczak*, supra; *Hunter*, supra.

[3] (Punctuation omitted.) *Waszczak*, supra at 528 (1).

[4] See *Howard v. Lay*, 259 Ga. App. 391, 392 (1) (577 SE2d 75) (2003); *Waszczak*, supra at 529-530; *Brookshire v. J. P. Stevens Co.*, 133 Ga. App. 97, 101 (4) (210 SE2d 46) (1974).

[5] See *Coleman v. Fortner*, 260 Ga. App. 373, 374-375 (1) (a) (579 SE2d 792) (2003).

Eubanks, however, has not pointed to any evidence that Waldron forfeited his bond.

At the hearing on Waldron's motion in limine, Eubanks apparently presented a certificate of the clerk of court stating that the ticket was disposed of by bond forfeiture. But the certificate does not appear in the record, and the trial court did not admit it into evidence. Eubanks contends that he was not required to present a certified copy of Waldron's conviction because Waldron acknowledged at his deposition that he forfeited bond. Waldron, however, only admitted to paying a fine, which is not an admission of guilt.

"The burden is on the appellant to show error affirmatively by the record."[6] The record in this case contains no evidence that Waldron pled guilty to impeding the flow of traffic. Accordingly, the trial court did not abuse its discretion by prohibiting Eubanks from questioning Waldron about the citation.[7]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 5, 2003.

*Beauchamp & Associates, Patrick S. Eidson,* for appellant.
*John T. Croley, Jr.,* for appellee.

---

[6] *Caconi Candy & Gum v. Curtis Products Co.,* 245 Ga. App. 592, 593 (538 SE2d 497) (2000).

[7] See id.; see also *Waszczak,* supra at 530; cf. *Bales v. Shelton,* 197 Ga. App. 522, 523-524 (2) (399 SE2d 78) (1990) (trial court erred in precluding plaintiff from cross-examining defendant regarding traffic citation to which defendant pled guilty). Although the trial court apparently based its evidentiary ruling on the fact that Eubanks failed to reference the traffic citation in the pretrial order, we will affirm a judgment that is right for any reason. See *Rampell v. Williams,* 217 Ga. App. 292, 294 (2) (457 SE2d 224) (1995).