## A04A2142. BURNETTE et al. v. BROWN.
### (612 SE2d 489)

ADAMS, Judge.

Violet Brown brought a personal injury action against Bessie Burnette seeking to recover for injuries she allegedly sustained when the car she was driving was struck head-on by the vehicle Burnette was driving. Burnette's husband, Anceberry, was also named as a defendant in the suit because he was the owner of the car. The jury awarded Brown $225,000, plus costs. The trial court denied the Burnettes' motion for new trial, and this appeal followed.

1. The Burnettes first enumerate as error the qualification of the jury as to any relationship with their insurance carrier. Although they recognize that this Court has long held that such qualification is proper, they argue that under the circumstances here we should carve out an exception to that rule because the insurer had already agreed to pay the policy limits to Brown, and thus had no financial interest in the outcome of the trial.[1] We disagree. The issue of liability and the amount of damages to be awarded, if any, were both at issue in this case and subject to the jury's determination. Thus depending on the outcome of the trial, the insurer could have avoided any loss in the event of a verdict for the Burnettes, or a loss less than the policy limits depending on the amount of damages awarded to Brown. This enumeration is thus without merit.

2. The Burnettes also argue that the trial court erred in denying their motion in limine to exclude evidence that Bessie had been issued a citation for failure to maintain lane and that Anceberry Burnette paid the citation on behalf of his wife who did not appear in court on the date stated on the ticket. Citing *Howard v. Lay*, 259 Ga. App. 391 (1) (577 SE2d 75) (2003), they argue that because Anceberry paid the citation without Bessie's knowledge, her failure to appear cannot be deemed an admission against interest on her part, and the trial court thus erred by admitting this evidence and submitting this issue to the jury. We find no error.

> Where a defendant cited for a traffic violation posts a cash bond . . . and fails to appear in court at the term of court and on the day set in the original citation and complaint, then . . . such failure shall be construed as an admission of guilt and the cash bond may be forfeited. . . . OCGA § 40-13-58. The rule, as to parties to a suit, is that, while convictions for criminal offenses are inadmissible in a civil action of this

---

[1] Although the fact that the insurer had agreed to pay the policy limits is not in dispute, as the trial court noted in denying the motion for new trial "the case was not settled, [and the insurer] did not pay its funds into the court. . . ."

kind, a plea of guilty may be shown as an admission against interest.

(Citations and punctuation omitted.) *Cannon v. Street*, 220 Ga. App. 212, 214 (2) (469 SE2d 343) (1996).

In this case, the evidence showed that although she could not sign the citation because she was being treated for her injuries, Bessie Burnette was aware at the time of the accident that she was being cited for failure to maintain lane. The evidence further showed that she told her husband about the ticket the next day when she was released from the hospital, and that he paid the ticket and told her later that day that he had done so. The record further shows that Burnette was ordered to appear to answer the charge on July 9, 2001, a little over one month after the accident occurred, but that she failed to appear on that day or take any other action to contest the citation.

These facts are in contrast to the situation in *Howard*, in which this Court upheld the exclusion of the evidence relating to the citation and bond forfeiture. In that case the tortfeasor was unconscious after the accident, and did not find out she had been issued a citation or that her husband had paid it until 18 months later, long after the court date had passed. *Howard*, 259 Ga. App. at 392-393 (1). Under these circumstances, we affirmed the conclusion of the trial court that "when there is no known opportunity to respond, where a party had no knowledge of the citation, a failure to act does not reasonably result in an inference of an admission of guilt as to the charge." (Punctuation omitted.) Id. at 393.

Moreover, the trial court properly left it for the jury to decide whether the facts in this case showed that Bessie Burnette knowingly allowed the bond to be forfeited by instructing the jury as follows:

> Before you may consider a forfeiture as an admission, you must determine whether the defendant Bessie Burnette knowingly allowed the bond to be forfeited as a means of disposal. If the bond was forfeited without her consent or knowledge, then the bond forfeiture may not be considered by you as an admission against her. However, if the bond was forfeited with her consent and knowledge, then the bond forfeiture may be considered by you as an admission against her, and should be considered along with all of the other evidence in this case, for you to determine the issues in this case.

This charge was adjusted to the circumstances here and properly allowed the jury to decide whether the bond forfeiture should be treated as an admission in this case.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 16, 2005 —
RECONSIDERATION DENIED MARCH 23, 2005.

*Forrester & Brim, Weymon H. Forrester, Michael D. Birchmore,* for appellants.
*Wesley Williams,* for appellee.