A05A2002. BRIGLEVICH v. LIBERTY HOUSE RESTAURANT CORPORATION.
(626 SE2d 625)

ANDREWS, Presiding Judge.

Rose Briglevich sued the Blue Ridge Grill after she slipped and fell while attending a dinner meeting there one evening. The case went to trial and the jury returned a defense verdict. Briglevich

appeals, claiming the trial court erred in certain evidentiary matters. After reviewing the record, we conclude there was no error and affirm.

1. In her first enumeration, Briglevich claims the trial court erred in allowing restaurant employees to testify that no subsequent remedial measures were taken after Briglevich fell. Specifically, an employee was asked, "Is that section of the floor in the same condition now as it was in June of 2001?" The employee responded that it was. Briglevich claims that this could give the jury the impression that the restaurant was claiming that no subsequent remedial measures were needed. She claims that this argument is the "flip-side" of the rule prohibiting testimony about subsequent remedial measures.

First, we note that Briglevich's counsel made no objection after the above question was asked. Second, Briglevich cites to no authority for her contention that the above question was error, and we find none. *Brooks v. Cellin Mfg. Co.*, 251 Ga. 395 (306 SE2d 657) (1983), is not helpful. In that case, the Supreme Court ruled that the defendant had opened the door to evidence of subsequent remedial measures. Id. at 397.

Further, we note that the restaurant was not allowed to argue or to introduce evidence that no one else had fallen in that area after Briglevich's fall. When defendant's counsel asked the witness whether any other person had fallen in the area where Briglevich fell in the last eight years, Briglevich's counsel objected that there had been no discovery of subsequent falls. The restaurant's counsel then rephrased the question to "[p]rior to June the 14th, 2001, did any guests . . . ever have a slip-and-fall or other problem in the area of the crack identified by Dr. Briglevich?"

Accordingly, Briglevich has shown neither error nor harm. This enumeration is without merit.

2. Next, Briglevich claims that she was prevented from giving a meaningful opening statement because the trial court initially granted the restaurant's motion in limine to prohibit the introduction of previous slip and falls at the restaurant. The trial court granted the motion because Briglevich initially claimed that she fell because her heel got caught in a crack in the floor. The restaurant argued that Briglevich's prior slip and fall witnesses did not fall in the area of the crack and either did not know why they fell or claimed that the floor was slippery. The court initially granted this motion pending the testimony of Briglevich.

When Briglevich testified at trial, she also stated that the floor was slippery and this contributed to her fall. As a result, the court allowed her to introduce the testimony and evidence of other previous

slip and falls. Nevertheless, Briglevich claims there was reversible error because she did not get to mention these other slip and falls in her opening statement.

Decisions regarding the admissibility of evidence fall within the trial court's discretion. Such decisions will not be reversed absent a clear abuse of that discretion, and we find none. *Eubanks v. Waldron*, 263 Ga. App. 75 (587 SE2d 253) (2003).

Again, Briglevich cites to no authority in support of this enumeration. Moreover, contrary to Briglevich's argument, the restaurant's counsel, in his opening statement, said only that Briglevich was the first person to have a difficulty or fall because of a crack or depression in the wood floor, and this evidence was undisputed at trial. Counsel never stated that no one had ever fallen or that no one had ever complained of the floor being slippery.

Further, Briglevich was able to introduce this evidence, question these witnesses, and point out these previous falls during closing argument. Therefore, the matter was fully presented to the jury. Accordingly, Briglevich has shown neither error nor harm as a result of the trial court's ruling.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 31, 2006.

*Aleksandra H. Bronsted, Heather L. James*, for appellant.
*Frederick A. Johnson*, for appellee.