[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 08-15427, 08-15428,
08-15429, 08-15430,
08-15431, 08-15432
08-15433

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 22, 2009
THOMAS K. KAHN
CLERK

_____

D.C. Docket Nos. 95-00284-CR-ODE-1-1
95-00439-CR-ODE-1-1, 95-00440-CR-ODE-1-1,
95-00441-CR-ODE-1-1, 95-00442-CR-ODE-1-1
95-00443-CR-ODE-1-1, 08-00072-CR-01-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE ALLEN DANIEL,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(December 22, 2009)

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Wayne Allen Daniel appeals the sentence imposed following his guilty plea to bank robbery. He also appeals his consecutive sentences imposed in other cases following the revocation of his supervised release. We have consolidated the appeals. We affirm the sentences imposed following revocation of his supervised release. We vacate the sentence for the bank robbery and remand for re-sentencing.

## I. Background and Procedural History

In 1995, Daniel pleaded guilty to several counts of bank robbery. He was sentenced to concurrent terms of 170 months imprisonment and three years supervised release for each of the convictions.[1] Daniel was released from prison in December 2007 and began the term of supervised release. A few weeks later, he was arrested for Driving Under the Influence ("DUI") in Catoosa County, Georgia. Daniel posted bond, and an arraignment in the DUI case was scheduled for February 7, 2008, in the Probate Court of Catoosa County. On January 31, 2008, he robbed a bank, was arrested in the bank parking lot, and was taken into federal custody. He

---

[1] Daniel was charged with eight counts of bank robbery in the Northern District of Georgia (No. 08-15427); two counts of bank robbery in the Northern District of Illinois (No. 08-15428); one count of bank robbery in the District of Delaware (No. 08-15429); one count of bank robbery in the District of Maryland (No. 08-15430); one count of bank robbery in the Southern District of Georgia (No. 08-15431); and one count of bank robbery in the Eastern District of Louisiana (No. 08-15432). Daniel pleaded guilty to two counts of bank robbery in the Northern District of Georgia and all counts from other jurisdictions. These convictions were consolidated for sentencing. Case numbers herein refer to case numbers on appeal.

was in federal custody on February 7, 2008 and did not attend his scheduled arraignment in the DUI case. So, his bond was forfeited.

Daniel was charged by indictment for the 2008 bank robbery and pleaded guilty. (No. 08-15433.) Judge Hunt of the Northern District of Georgia accepted the plea and sentenced Daniel. For sentencing purposes, the court considered the bond forfeiture in the DUI case a conviction. It concluded Daniel's criminal history category was V, yielding a guidelines range of seventy to eighty-seven months imprisonment. If the bond forfeiture had not been considered a conviction, Daniel's criminal history category would have been IV, yielding a guidelines range of fifty-seven to seventy-one months—sixteen fewer months at the top of the guideline range. After considering the advisory sentencing guidelines, the court sentenced Daniel to eighty-seven months imprisonment.

Following sentencing in the bank robbery case, Judge Evans of the Northern District of Georgia revoked Daniel's supervised release in six prior cases and imposed sentences requiring that he serve, in the aggregate, forty-eight months imprisonment. These sentences were to be served consecutively to the bank robbery sentence imposed by Judge Hunt.

At sentencing for the 2008 bank robbery offense, Daniel objected to the bond forfeiture's inclusion in the criminal history calculation. He also objected to the

3

substantive reasonableness of both the bank robbery sentence and the sentences imposed following revocation of his supervised release.

## II. Issues on Appeal and Contentions of the Parties

First, we consider whether the bond forfeiture in the DUI case should be considered a conviction for purposes of calculating Daniel's criminal history in the 2008 bank robbery case. The Government contends that under Georgia law, a bond forfeiture is considered a conviction, and therefore it should be factored into the criminal history calculation. Daniel counters that the bond forfeiture in this case was involuntary. He was in federal custody on the date his arraignment in the DUI case was scheduled, and he contends that his federal custodians did not permit him to attend. Daniel argues that involuntary bond forfeitures are not convictions under Georgia law, so the forfeiture in this case should not factor into his criminal history.

Second, we consider whether the sentence imposed for the 2008 bank robbery conviction and the sentences imposed following the revocation of supervised release were substantively reasonable. Daniel argues that his sentence for this bank robbery conviction was unreasonable because the court did not take into account mitigating factors. He contends that the sentences in the revocation cases were unreasonable because they exceeded the advisory guideline range. The Government counters that all sentences were within the guidelines and were reasonable given Daniel's criminal

history and the fact that the 2008 bank robbery was committed less than two months after Daniel was released from custody.

## III. Standard of Review

We review the application of the sentencing guidelines to a given set of facts *de novo*. *United States v. Garey*, 546 F.3d 1359, 1361 (11th Cir. 2008). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

## IV. Discussion

We first address whether the bond forfeiture in the DUI case should count as a conviction for calculating Daniel's criminal history. In *United States v. Strevel*, we held that because Georgia law considers a bond forfeiture a conviction, it should be considered a conviction for purposes of calculating criminal history under the sentencing guidelines. 85 F.3d 501, 501 (11th Cir. 1996) (citing *Cofer v. Crowell*, 247 S.E.2d 152, 154 (Ga. Ct. App. 1978)). *See also* O.C.G.A. § 40-5-1(6) (including a forfeiture of bail in the definition of "conviction"). But, *Strevel* did not consider an involuntary bond forfeiture. Georgia law provides that "[n]o judgment shall be rendered on a forfeiture of any appearance bond if it is shown to the satisfaction of the court that the principal on the bond was prevented from attending because he or

she was detained by reason of arrest, sentence, or confinement . . . ." O.C.G.A. § 17-6-72(b).

Georgia bond forfeitures are generally considered convictions under the sentencing guidelines because they are admissions of guilt. *See* O.C.G.A. § 40-13-58 (providing that a bond forfeiture shall be construed as an admission of guilt); U.S. Sentencing Guidelines Manual § 4A1.2(a) (2008) (defining prior sentence as a sentence imposed upon guilty plea, trial, or plea of *nolo contendere*). Georgia courts, however, conclude that involuntary bond forfeitures are not admissions of guilt. In *Howard v. Lay*, for example, the Georgia Court of Appeals found that a bond forfeiture was not admissible in a civil case as an admission where the defendant was not aware of the court date or issuance of a citation. 577 S.E.2d 75, 77 (Ga. Ct. App. 2003). Also, in *Beneke v. Parker*, the Georgia Court of Appeals stated in dicta that "a *knowing* bond forfeiture . . . is an admission of guilt." 667 S.E.2d 97, 99 n.3 (Ga. Ct. App. 2008) (citing O.C.G.A. § 40-13-58) (emphasis added). This statement implies that an unknowing or involuntary bond forfeiture is not an admission of guilt.

While Georgia treats a willful bond forfeiture as an admission of guilt and considers it a conviction, Georgia law provides a forfeiture exception where a failure to appear in court is the result of detention in a penal institution. And, an involuntary bond forfeiture is not an admission of guilt, even if it is not challenged directly in the

6

case for which bond was posted. *See Howard*, 577 S.E.2d at 77 (concluding bond forfeiture was not an admission of guilt where issue was first raised in a civil negligence case). Because an involuntary bond forfeiture resulting from detention in a penal institution is not an admission of guilt under Georgia law, we conclude it is not a conviction as defined by § 4A1.2(a) of the sentencing guidelines.

This case does not involve, as the Government argues, a collateral attack on the validity of a prior conviction. *See Custis v. United States*, 511 U.S. 485, 487, 114 S. Ct. 1732, 1734 (1994) (holding that a defendant may not collaterally attack prior convictions other than those obtained in violation of the right to counsel). Rather, we consider whether Georgia law treats a bond forfeiture as a conviction where the forfeiture is the result of an involuntary failure to attend a court hearing due to confinement in federal custody. We conclude that it does not.

The bond forfeiture in this case should not factor into the calculation of Daniel's criminal history if his failure to attend the February 2008 arraignment was involuntary. It was involuntary if he was not afforded a meaningful opportunity to attend the arraignment. The district court, assuming that all Georgia bond forfeitures should be considered convictions for purposes of calculating criminal history under the sentencing guidelines, did not determine whether Daniel's failure to attend the arraignment was willful or involuntary. It did not afford Daniel the opportunity to

present evidence to support his contention that his federal custodians did not permit him to attend the scheduled arraignment. Therefore, we vacate Daniel's sentence for the bank robbery conviction and remand for re-sentencing, at which the district court should determine whether Daniel's failure to attend the scheduled arraignment was willful or involuntary.

Daniel also challenges the substantive reasonableness of the sentence imposed for the 2008 bank robbery and the sentences imposed following revocation of his supervised release. Because we vacate his sentence in the 2008 bank robbery case for the reasons discussed above, we do not consider whether this sentence was reasonable. As to the sentences imposed following revocation of supervised release, we conclude, upon review of the record, that the sentences were reasonable.

## V. Conclusion

For the reasons stated herein, we vacate the sentence imposed for the 2008 bank robbery and remand for re-sentencing. (Dist. Ct. No. 1:08-CR-072(01)-WBH; Appeal No. 08-15433.) We affirm the sentences imposed following revocation of supervised release in the other consolidated cases.

IN CASE NUMBER 08-15433, THE JUDGMENT OF CONVICTION IS AFFIRMED, BUT THE SENTENCE IS VACATED AND THE CASE IS REMANDED FOR RE-SENTENCING. THE JUDGMENT AND SENTENCES IN ALL OTHER CONSOLIDATED CASES ARE AFFIRMED.