A95A2755. CANNON et al. v. STREET et al.

(469 SE2d 343)

McMurray, Presiding Judge.

Plaintiff Brenda D. Street brought this tort action against defendants Michael Dewaine Cannon and Kenneth Joe Cannon, seeking to recover for personal injuries she sustained which she contended resulted when Michael Dewaine Cannon negligently drove his father's 1989 Ford F-150 pickup truck "through an official traffic control device, thereby disregarding a . . . signal and collid[ing] his vehicle . . . into that vehicle being driven by plaintiff [Brenda D. Street]," at an intersection where plaintiff had the right-of-way, in Griffin, Georgia. Defendant Kenneth Joe Cannon was alleged to be liable under the family purpose doctrine. At the behest of defendants, plaintiff's husband, Ronnie L. Street, was added as an indispensable party. Defendants jointly denied the material allegations but admitted that, "[a]t the time and place of the collision, there was nothing to obstruct defendant Michael Dewaine Cannon's vision of the roadway ahead."

After discovery, plaintiffs moved for partial summary judgment as to defendant Michael Dewaine Cannon's liability, supporting their motion with the following evidence: John Favors, an eyewitness to the collision, deposed that while proceeding west, he stopped for a red light at the intersection of West Taylor and South 16th Street in Griffin, Georgia. There, to his right, he saw a woman (plaintiff Brenda D. Street) proceeding south "after the light had turned green on her side. . . ." As plaintiff proceeded through the intersection on the green light, John Favors saw a Ford pickup truck coming east "in affiant's direction, . . . which had a red stop signal. . . ." This truck, driven by defendant Michael Dewaine Cannon, was "traveling at an unusually high rate of speed. . . ." The Ford truck "proceeded through the red signal and the [plaintiff's] Chevrolet pickup truck hit the Ford pickup truck. . . ." John Favors noticed that, as defendant Michael Dewaine Cannon approached the intersection, defendant was "looking to his right at [some] cheerleaders and [that] driver Cannon continued to look at the cheerleaders as his vehicle proceeded under

and through the red traffic light signal." Officer Brian Drake was dispatched to the scene. He asked Michael Dewaine Cannon " 'What happened.' Driver Cannon stated to [Officer Drake] in the presence of others . . . : 'I (Cannon) ran the red light and she hit me in the side.' " Officer Drake then "issued a citation citing Michael [Dewaine] Cannon with violating O.C.G.A. Section 40-6-72." Officer Drake further deposed that, thereafter, defendant Michael Dewaine Cannon "paid a fine on said citation, did not request a bond of said charges, did not request a jury trial, did not request a bench trial, and did not further appear to answer the charges." Defendant Michael Dewaine Cannon admitted that, "after having been issued a traffic citation under O.C.G.A. [§] 40-6-72, [he] paid a cash fine and failed to appear at the court hearing. . . ." The disposition on the back of the traffic citation is noted as "Bond forfeiture," in the amount of $35.

At his deposition, defendant Michael Dewaine Cannon "couldn't tell you for sure," whether plaintiff had the green light or whether he had the red light. Consequently, he could neither confirm nor deny whether he went through a red light. Similarly, while Michael Dewaine Cannon did not believe that he told the police officer that he ran a red light, neither could he dispute Officer Drake's word that defendant had made such an admission. Defendant did contend that plaintiff could have avoided the collision by "[a]pplying brakes." He had no evidence that the traffic light was malfunctioning that day.

The trial court granted plaintiffs' motion for partial summary judgment as to defendant Michael Dewaine Cannon's liability and this direct appeal followed. In the sole enumeration of error, defendants contend the trial court erred because genuine issues of material fact remain "regarding Michael Dewaine Cannon's negligence, Brenda [D.] Street's negligence, [and their respective] percentage[s] of comparative negligence and the proximate cause of the collision." *Held*:

1. Defendants first argue that the evidence does not establish Joe Kenneth Cannon's liability under the family purpose doctrine. See generally *Wingard v. Brinson*, 212 Ga. App. 640 (1) (442 SE2d 485). Defendants also contend "there is also a question of whether Plaintiffs are entitled to punitive damages." In our view, however, the partial grant of summary judgment is limited solely to defendant Michael Dewaine Cannon's liability for compensatory damages and does not purport to address punitive damages or adjudicate the liability, if any, of defendant Kenneth Joe Cannon. Consequently, there is nothing respecting punitive damages or defendant Kenneth Joe Cannon's liability for this Court to affirm or reverse. See, e.g., *Giallanza Realty v. Rosebud Properties*, 209 Ga. App. 571, 572 (3) (434 SE2d 130) (physical precedent). These contentions are without merit.

2. Defendant Michael Dewaine Cannon "maintains that a factual issue exists as to his negligence[, namely,] Did [he] run the red

light?" We disagree, because Michael Dewaine Cannon did not contest his criminal culpability for ostensibly violating OCGA § 40-6-72 by his "[f]ailure to stop for red light," as alleged in the citation issued by Officer Drake.

"Where a defendant cited for a traffic violation posts a cash bond according to the schedule set up by court order and fails to appear in court at the term of court and on the day set in the original citation and complaint, then and in that event, such failure shall be construed as an admission of guilt and the cash bond may be forfeited. . . ." OCGA § 40-13-58. "The rule, as to parties to a suit, is that, while convictions for criminal offenses are inadmissible in a civil action of this kind, a plea of guilty may be shown as an admission against interest. *Roper v. Scott*, 77 Ga. App. 120 (2) (48 SE2d 118); *Henderson v. Henderson*, 94 Ga. App. 64 (1) (93 SE2d 822)." *Akin v. Randolph Motors*, 95 Ga. App. 841, 848 (5) (99 SE2d 358). In the case sub judice, Michael Dewaine Cannon admitted that he ran the red light as alleged in the traffic citation, by failing to appear in court and by forfeiting his $35 bond. Consequently, no factual question remains as to that point.

3. Nevertheless, Michael Dewaine Cannon contends that, while his failure to stop at the red light amounts to negligence per se, the jury should still determine whether his negligence per se was the proximate cause of the collision, since the physical evidence is that plaintiff's vehicle struck defendant's in the rear. From this circumstance, Michael Dewaine Cannon argues that plaintiff could have braked and prevented the collision altogether.

" '[E]ven where negligence per se has been shown, proximate cause must still be proved. (Cits.)' *Central Anesthesia Assoc., P.C. v. Worthy*, 254 Ga. 728, 731 (2), 733 (333 SE2d 829)." *Holbrook v. Executive Conference Ctr.*, 219 Ga. App. 104, 107 (2) (464 SE2d 398). " 'While we are fully aware of the beneficent and salutary rule, to which this court scrupulously adheres in proper cases, that ordinarily questions of diligence and negligence, including proximate cause, are for the jury, we also recognize it to be the duty of the court to determine those questions in clear, palpable, and indisputable cases. *Evans v. Georgia Northern R. Co.*, 78 Ga. App. 709, 712 (52 SE2d 28).' " *McCrary v. Bruno's, Inc.*, 219 Ga. App. 206, 209 (464 SE2d 645). In our view, the case sub judice is controlled by the recent decision in *Morgan v. Braasch*, 214 Ga. App. 82, 84 (2) (446 SE2d 746): "Even if it is assumed that [plaintiff Brenda D. Street] should have seen [defendant Michael Dewaine Cannon] approaching, there is no evidence that she or anyone reasonably observing [Michael Dewaine Cannon] approach would have had any reason to anticipate that he was going to run the [red light], nor is there any evidence to dispute that [plaintiff] had entered the intersection [with the right-of-way]. ' "A review

of the record demonstrates that [defendant] produced *no* evidence to (create an issue of material fact) that, in the exercise of ordinary care, [plaintiff Brenda D. Street] could have avoided the collision after she saw or should have seen that [defendant] had entered into the intersection *and* was crossing [plaintiff's] lane of traffic." ' *Leonard v. Miller*, 207 Ga. App. 602, 603 (2) (428 SE2d 646) (1993), quoting *Kicklighter v. Jones*, 202 Ga. App. 654, 655 (415 SE2d 302) (1992). . . . One who has the right-of-way may assume that others will obey the rules of the road absent some factual indicia that such is not the case. Id.; *Harrison v. Ellis*, 199 Ga. App. 199, 201 (404 SE2d 348) (1991). . . . Here, [defendant Michael Dewaine Cannon] failed to [demonstrate the existence of] a material dispute of fact that would have created a basis for denial of [plaintiffs'] partial summary judgment [as to liability]." (Emphasis supplied and in original.)

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 14, 1996.

*Beck, Owen & Murray, William M. Dallas III*, for appellants.
*William R. L. Latson, Stephen B. Wallace II*, for appellees.