A97A0175. GADDIS v. SKELTON.
A97A0176. LITTLETON v. SKELTON.
(486 SE2d 630)

POPE, Presiding Judge.

Plaintiffs Misty Jo Gaddis and Jeff Littleton sued defendant Lois Skelton for injuries they sustained in an automobile accident. A jury found for plaintiffs, but awarded them a relatively small amount of damages. On appeal, they challenge the trial court's jury instruction regarding the evidentiary effect of a guilty plea. Concluding that the charge was a proper statement of the law, we affirm.[1]

Prior to trial, defendant had pled guilty to a traffic citation for failing to yield the right-of-way, and evidence of this plea was admit-

---

[1] Arguably, any error in the charge on negligence was harmless since the jury had to find defendant negligent to award plaintiffs any amount of damages. Nonetheless, we choose to address plaintiffs' argument in order to clarify the law regarding the admissibility and effect of evidence that a party in a civil traffic accident case previously pled guilty to a traffic citation involving the same incident.

ted in the jury trial of this civil action. At defendant's request, the trial court charged the jury: "Under Georgia law, in a civil action such as this, evidence that the defendant pled guilty to a traffic charge in a prior proceeding is admissible in evidence and may be considered by you along with all the other evidence as a circumstance to be weighed by you. . . . Simply because the defendant pled guilty to a traffic charge is not conclusive on the issue of whether or not she in fact violated the traffic laws or was negligent, nor does it preclude her from introducing evidence as to the reasons for entering such a plea."

We have long held that a guilty plea to a traffic violation is admissible as an admission against interest, but does not conclusively establish negligence; it is "only a circumstance to be considered along with the other evidence in the civil action for damages." *Roesler v. Etheridge*, 125 Ga. App. 358, 359 (1) (187 SE2d 572) (1972). Accord, e.g., *Peacock v. Strickland*, 198 Ga. App. 406 (1) (401 SE2d 601) (1991); *Martini v. Nixon*, 185 Ga. App. 328 (1) (364 SE2d 49) (1987); *Thompson v. Hill*, 143 Ga. App. 272, 275 (3) (238 SE2d 271) (1977). Thus, the trial court's charge that the plea did not conclusively establish negligence was a correct statement of the law, and the court's addition of the statement that the plea did not conclusively establish that the pleader violated the traffic law did not make it incorrect. The latter statement was simply a logical corollary of the former, since a violation of the traffic laws would have established negligence as a matter of law. See *Mathis v. Mangum*, 166 Ga. App. 415, 416 (304 SE2d 520) (1983).

In support of their argument that a guilty plea is conclusive on the question of guilt (and therefore negligence), plaintiffs cite *Cannon v. Street*, 220 Ga. App. 212 (469 SE2d 343) (1996). But plaintiffs read *Cannon* too broadly. Although we did hold in *Cannon* that there was no factual question as to negligence where the defendant had entered a guilty plea, the plea in that case was the *only* evidence presented on the issue; it was neither rebutted nor explained. Taken with the cases cited above, *Cannon* demonstrates that a guilty plea to a traffic offense creates a rebuttable presumption of negligence in a civil case arising from the same incident. It is conclusive if unrebutted, but the defendant can present evidence that he was not negligent despite the plea, and the jury can choose to agree.

Here, defendant Skelton asserts in her brief that she presented evidence at trial rebutting her guilty plea. We cannot confirm this because we do not have a transcript of the evidence presented at trial. But it is the obligation of plaintiffs, as appellants, to show error in the record; and in the absence of a transcript demonstrating otherwise, we assume the court's instruction was properly supported by defendant's rebuttal of her earlier admission. See *Acker v. Jenkins*,

178 Ga. App. 393 (1) (343 SE2d 160) (1986). The charge was therefore adapted to the evidence as well as a correct statement of the law, and the trial court did not err in giving it.

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 1, 1997 — 

 Before Judge Adamson.

*Thomas M. Strickland*, for appellants.
*Bovis, Kyle & Burch, Nicholas P. Garcia*, for appellee.