A02A1628. COX v. ALLEN.
(567 SE2d 363)

ELDRIDGE, Judge.

On May 21, 2001, judgment was entered for the defendant, Evelyn House Allen, and against the plaintiff, Jamie R. Cox, on her personal injury action, which was tried to a verdict. Finding no error of law, we affirm.

On May 27, 1999, Allen was driving in a southerly direction on Tift County Road 424, a dirt road, and approached the stop sign for the intersection of County Road 159, a paved road. Allen turned left onto Road 159 in an easterly direction and brought her Cadillac four-door sedan to a momentary stop diagonally across the road after entering the intersection. Cox was driving westerly on Road 159, approaching the intersection. When Cox was several hundred feet from the intersection, Allen made a left turn in front of her and stopped momentarily diagonally across her path. Cox swerved onto the other side of the road into the eastbound lane and braked. Allen completed her turn into the eastbound lane; the vehicles collided head-on. Allen received a traffic citation for failure to yield the right-of-way and entered a plea of guilty to this charge. Cox filed this personal injury action.

At the trial of the case, John J. Tyson was called by the defense and qualified as an expert witness, a law enforcement officer. Over objection, he testified that although he had neither investigated the collision nor visited the collision scene, his opinion was that Cox was driving too fast, skidded straight down the road into the path of Allen, and collided with her in the eastbound lane. Cox made timely exceptions to the failure of the trial court to give her requests to charge on OCGA §§ 40-6-202 and 40-6-390 (a) and significance of a plea of guilty to a traffic citation.

1. Cox contends that the trial court erred in failing to give her request to charge on OCGA § 40-6-390 (a), reckless driving. We do not agree.

Request to Charge No. 7 was not given, which read:

I charge you, members of the jury, that Section 40-6-390 (a) of the Official Code of Georgia, which was in full force and effect on the day and at the time and place of the incident giving rise to this suit, provides in pertinent part as follows: (a) Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving. In this connection, I charge you that if you find, as contended by the plaintiff, that the defendant violated this Code section, this would constitute negligence as a matter of law on the part of said defendant.

In this request to charge, the charge itself did not define the specific conduct that constituted reckless disregard for the safety of persons or property or point to specific conduct that was reckless under the facts and circumstances of this case. "However, as defined in OCGA § 40-6-390 (a), reckless driving requires proof of a specific act which evidences a 'reckless disregard for the safety of persons or

property. . . .'" (Emphasis omitted.) *Kirkland v. State*, 206 Ga. App. 27, 33 (17) (424 SE2d 638) (1992). See *Whiteley v. State*, 188 Ga. App. 129, 132-133 (5) (372 SE2d 296) (1988) (OCGA § 40-6-390 (a) requires the specific reckless conduct to be alleged as an essential element of reckless driving). Thus, the written charge as submitted was an incomplete statement of the law. Id. at 132-133.

A request to charge must be correct and complete for the trial court to give it. *Gates v. Southern R. Co.*, 118 Ga. App. 201, 204 (3) (a) (162 SE2d 893) (1968). Thus, the trial court did not err in refusing to give an incomplete request to charge.

2. Cox contends that the trial court erred in not giving her Request to Charge No. 6, regarding OCGA § 40-6-202 and dealing with stopping and obstructing the free passage of vehicles on the highway. We do not agree.

Cox's Request to Charge No. 6 read:

> I charge you members of the jury, that § 40-6-202 of the Official Code of Georgia, which was of full force and effect on the day and at the time and place the incident giving rise to this suit, provides in pertinent part as follows: "Outside of a business or residential district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park, or so leave such vehicle off the roadway; but in every event, an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles, and a clear view of the stopped vehicles — shall be available from a distance of 200 feet in each direction upon the highway." In this connection, I charge you that should you find as contended by the plaintiff that the defendant Allen violated this code section, this would constitute negligence as a matter of law on the part of said defendant.

This Code section, OCGA § 40-6-202, does not apply to a momentary stopping of a motor vehicle on the highway but applies to situations where the stopping or parking impedes the safe flow of traffic. *Stroud v. Doolittle*, 213 Ga. 32, 37 (2) (96 SE2d 876) (1957) (does not apply to a stopped school bus discharging children because all traffic required to stop). Such statute does not apply when a vehicle is forced to a stop for mechanical reasons or in an emergency. *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 883 (6) (311 SE2d 193) (1983) (lowboy trailer stuck across both lanes of traffic in attempt to make a U-turn). "[Allen] was [not] stopped, standing or parked as contemplated by the statute, which obviously refers to bringing a vehicle to

a halt in a moving lane of traffic rather than to an emergency situation such as the one here." Id.

Under the facts and circumstances of this case, Allen's vehicle momentarily came to a stop diagonally across the road after partially making her left turn in front of the plaintiff and then completed her turn into the eastbound lane prior to the collision. Under such circumstances, this Code section has no application, because it was not adjusted to the evidence. See *Reliance Ins. Co. v. Bridges*, supra at 883. "An instruction as to law on a material issue[ ] unauthorized by the evidence is improper." (Citation and punctuation omitted.) *Southern Intermodal Logistics v. Coleman*, 175 Ga. App. 853, 854 (2) (334 SE2d 888) (1985).

3. Cox contends that the trial court erred in failing to give her Request to Charge No. 17, regarding the significance of a guilty plea by Allen to a traffic violation. We do not agree.

Request to Charge No. 17 reads: "I charge you that a defendant who is cited for a traffic violation and enters a plea of guilty to said traffic violation, such guilty plea is an admission against interest by the defendant and is evidence of the negligent conduct of the defendant." Request to Charge No. 17 cited as authority for such charge the case of *Gaddis v. Skelton*, 226 Ga. App. 325, 326 (486 SE2d 630) (1997); however, Cox did not give the charge approved in that opinion "as a correct statement of the law." Id. at 327. The complete and correct statement of the law given in that case was

> [u]nder Georgia law, in a civil action such as this, evidence that the defendant pled guilty to a traffic charge in a prior proceeding is admissible in evidence and may be considered by you along with all the other evidence as a circumstance to be weighed by you. . . . Simply because the defendant pled guilty to a traffic charge is not conclusive on the issue of whether or not she in fact violated the traffic laws or was negligent, nor does it preclude her from introducing evidence as to the reasons for entering such a plea.

(Punctuation omitted.) Id. at 326. Where a request to charge is not a complete statement of the law, it is not error for the trial court to refuse to give it to the jury in charge. "A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper." (Citations and punctuation omitted; emphasis in original.) *Mattox v. MARTA*, 200 Ga. App. 697, 699 (4) (409 SE2d 267) (1991).

4. Cox contends that the trial court erred in allowing an expert witness to give his opinion of speed based upon hypothetical facts which were not in evidence. We do not agree.

Lieutenant Tyson, Tifton Police Department, was qualified as an expert by completing the Regional Academy; 17 years of traffic accident investigation; levels I and II of accident investigation and courses in technical, vehicle homicide, and accident reconstruction at the Public Safety Training Center; and work as an expert witness in 20 civil cases. Personally, he had investigated between 3,000 and 5,000 accidents.

Tyson considered that Cox's 1995 Hyundai Elantra left 105 feet of skid marks, that Allen's Cadillac was stopped or going at no more than three mph at impact, and that the photographs of the damaged vehicles were accurate. He further considered Cox's deposition testimony in arriving at his expert opinion as to Cox's speed immediately prior to impact. In his opinion, she was driving at 62 to 69 mph before she hit her brakes, and the 105 feet of skid marks indicated a speed of 48.61 mph if she had slid to a stop instead of colliding with the Cadillac.

Cox testified that Allen stopped diagonally across the intersection and that Cox swerved to her left into the oncoming lane to miss Allen. However, Cox does not recall the collision or what immediately preceded it. Cox could not say how long Allen was stopped prior to completing her left turn. But, she infers that Allen "accelerated into the east-bound lane and collided head-on" with Cox. Therefore, there is nothing but inference from the physical evidence of the damage to the front ends of the vehicles, indicating the Allen vehicle was straight in the eastbound lane at collision and indicating movement of the Allen vehicle. From such circumstantial evidence of the movement of the Allen vehicle, the jury could reasonably infer that at the time of the collision, Allen was either stopped, moving no more than three mph, or accelerating, thereby creating a jury issue which the jury resolved against Cox.

When a hypothetical question is based upon circumstantial evidence, the question of whether the circumstances were sufficiently proven to establish the fact contained in the hypothetical question and whether such fact was essential to the opinion are issues for the jury to decide. *Woodruff v. Naik*, 181 Ga. App. 70 (2) (351 SE2d 233) (1986); *Stoneridge Properties v. Kuper*, 178 Ga. App. 409, 413-414 (2) (343 SE2d 424) (1986). Where evidence in the case allows a reasonable inference to be drawn by the expert witness, the expert may render an opinion for the jury to weigh. *Lawhorne v. Soltis*, 259 Ga. 502, 504 (2) (384 SE2d 662) (1989); *Horney v. Lawrence*, 189 Ga. App. 376, 377 (1) (375 SE2d 629) (1988). Circumstantial evidence as part of the hypothetical does not go to the viability of the hypothetical; whether there was insufficient knowledge upon which the expert could render his opinion goes not to the admissibility of the opinion but to the weight and credibility of the witness as determined by the

jury. *APAC-Ga., Inc. v. Padgett*, 193 Ga. App. 706, 710 (2) (388 SE2d 900) (1989); *Hyles v. Cockrill*, 169 Ga. App. 132, 136-137 (8) (312 SE2d 124) (1983), overruled on other grounds, *Ketchup v. Howard*, 247 Ga. App. 54 (543 SE2d 371) (2000). However, this is not a case where the hypothetical is based upon circumstantial evidence alone; if the hypothetical were based on circumstantial evidence alone to prove an essential fact of the hypothetical, then the jury may consider the opinion to the hypothetical only if the jury first determines that the fact assumed has been satisfactorily established for them. *Warmack v. Mini-Skools Ltd.*, 164 Ga. App. 737, 738 (1) (297 SE2d 365) (1982); *Bowers v. State*, 153 Ga. App. 894, 895 (1) (267 SE2d 309) (1980); *Travelers Ins. Co. v. Hutchens*, 106 Ga. App. 631, 632-633 (127 SE2d 712) (1962).

If an expert's opinion is, in fact, based in part upon a fact not in evidence, although in the hypothetical, then the lack of evidence of such fact goes to the weight of the opinion and not to its admissibility. *In the Interest of M. C. J.*, 242 Ga. App. 852, 857-858 (3) (531 SE2d 404) (2000). Thus, the sufficiency of the facts to support an opinion goes to the weight of the opinion and not to its admissibility. *Bibb County v. Higgins*, 241 Ga. App. 161, 162-163 (1) (526 SE2d 379) (1999); *MARTA v. Green Intl.*, 235 Ga. App. 419, 422 (1) (509 SE2d 674) (1998).

Thus, the trial court did not err in allowing the jury to determine what weight and credibility to give to the opinion of the expert witness as to speed based upon disputed and circumstantial evidence.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 20, 2002.

*Jay, Sherrell, Smith & Braddy, Robert E. Sherrell*, for appellant.
*Reinhardt, Whitley, Wilmot & Summerlin, Glenn Whitley*, for appellee.