## A02A2119. COLEMAN v. FORTNER.
(579 SE2d 792)

BARNES, Judge.

Mahala Fortner filed this claim against Albert Coleman for damages arising from an automobile collision. Following a trial, the jury found in favor of Fortner, awarding her $500,000 on her claim. Cole-

man appeals, arguing that the jury charge on forfeiture of bond was improper, that Fortner's expert was allowed to give inadmissible opinion testimony, and that the trial court erred in entering final judgment nunc pro tunc. After review, and finding the arguments without merit, we affirm.

Coleman lived on Taylor Road, a dirt road that intersected two-lane Gumlog Road. On December 15, 1997, Coleman's tractor-trailer was blocking both lanes of Gumlog Road, either turning from Taylor Road onto Gumlog or attempting to back into Taylor. Fortner's automobile approached, and Fortner, not realizing that the road was blocked until it was too late to stop, collided with the tractor-trailer.[1] Coleman was issued a traffic citation, which he did not contest, for failing to stop at a stop sign. OCGA § 40-6-72 (b). He posted a cash bond but failed to appear in court and thereby forfeited the bond.

1. (a) Coleman first contends that the trial court erred by charging the jury that a bond forfeiture constituted negligence per se. He argues that the charge as given allowed the jury to conclude that he was "negligent as a matter of law simply for forfeiting his bond."

In its charge, the trial court explained that

[t]he Plaintiff contends that the Defendant violated certain laws or ordinances and I will define those for you in just a moment. In regard to these laws and ordinances such a violation is called negligence per se, which means negligence as a matter of law. It is for you as members of the jury to decide whether such violations took place or not.

The trial court further charged the jury that "where a party is cited for a traffic violation and posts a bond and subsequently forfeits the bond by failing to appear, that party has legally pled guilty and such forfeiture is negligence per se." And, after explaining that Coleman was alleging that Fortner was speeding, which, if true, would also constitute negligence per se, the trial court informed the jury that "[i]t is your duty to decide whether such a violation took place or not."

Under our laws, "[w]here a defendant cited for a traffic violation posts a cash bond according to the schedule set up by court order and fails to appear in court at the term of court and on the day set in the original citation and complaint, then and in that event, such failure shall be construed as an admission of guilt and the cash bond may be forfeited. . . ." OCGA § 40-13-58. In these circumstances, "plaintiff has established negligence per se in the violation of a statute, which is a prima facie showing of negligence. This means that the burden is

---

[1] Fortner's expert testified that the accident happened while Coleman was attempting to back in the secondary road.

on the defendants to show that the violation was unintentional and in the exercise of ordinary care." (Citation and punctuation omitted.) *Roberts v. Ledbetter*, 218 Ga. App. 860 (1) (463 SE2d 533) (1995). In a civil case this admission of guilt is conclusive if unrebutted, but the defendant can present evidence that he was not negligent despite the plea, and the jury can choose to agree. *Gaddis v. Skelton*, 226 Ga. App. 325, 326 (486 SE2d 630) (1997); see also *Cannon v. Street*, 220 Ga. App. 212, 213-214 (2) (469 SE2d 343) (1996).

Thus, contrary to Coleman's argument, the trial court's charge was an accurate statement of the law regarding the effect of the forfeiture.

(b) While Coleman also argues that the trial judge was required to instruct the jury that the forfeiture was a circumstance to be weighed along with the other evidence, see *Gaddis*, supra, 226 Ga. App. at 326, such a conclusion is inherent within the instruction and the jury charge viewed as a whole expressly included this concept. In reviewing a claim of error for refusal to charge, we must determine whether the request was entirely correct and accurate, adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. *Lee v. Bartusek*, 205 Ga. App. 551 (1) (422 SE2d 570) (1992). Here, we discern no error in the trial court's refusal to give Coleman's requested charge on forfeiture because the trial court fully and fairly charged the jury on the issue. "It is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court." (Citations and punctuation omitted.) *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980).

2. Coleman also asserts as error the trial court's admission of testimony by Fortner's accident reconstruction expert about deposition testimony given by Coleman's reconstruction experts.[2] Our review of the record, however, finds this argument misleading and meritless. Coleman complains that on several instances the trial court allowed Fortner's expert to give improper expert testimony regarding the contents of his experts' depositions over his objection. We have reviewed each of the instances and find that on each occasion the trial court sustained the objection and properly limited the expert's testimony.

In one of the complained-about instances, upon sustaining an objection, the trial court further elaborated during sidebar that, "I know that [the expert] has the right to rely on other people's, other experts or other data in making his determination but what this seems to be heading towards, is allowing him to critique another per-

---

[2] Coleman's experts did not testify at trial.

son's opinion when they have not given that opinion in Court and I see that as a problem."

In another instance, upon Coleman's objection, during sidebar with counsel, the trial court instructed Fortner that, "[w]hat the witness may say [is] that he bases this upon the review of the, call it experiment or whatever, without going into detail as to what the experiment was," and Coleman responded, "I think he can do that." And at another point, when Fortner asked the witness if Coleman's experts had been successful in reconstructing the accident the way Coleman said that it had happened, the trial court interrupted the expert's testimony, finding that the testimony exceeded the scope of what was permissible. Fortner then withdrew the question.

Under Georgia law, it is well settled that an expert may rely on the reports of others in formulating his opinions. *Joiner v. Lane*, 235 Ga. App. 121, 126 (4) (508 SE2d 203) (1998). While it is true that an expert may not give his opinion based on the opinion of another expert, *In the Interest of A. S. M.*, 214 Ga. App. 668, 671 (1) (448 SE2d 703) (1994), the transcript reveals that Fortner's expert was properly limited to testifying only about his use of the tests performed by Coleman's expert in reaching his own opinion. See *Foster v. State*, 272 Ga. 69, 72 (7) (525 SE2d 78) (2000). The expert was restricted under the rules of hearsay from discussing any results or conclusions from the test, which was not in evidence, since Coleman's experts did not testify. See *Cantrell v. Northeast Ga. Med. Center*, 235 Ga. App. 365, 370 (4) (508 SE2d 716) (1998).

3. Coleman's argument that the trial court erred in entering judgment nunc pro tunc is meritless. Coleman argues that the trial court erred in entering its judgment nunc pro tunc because there was no prior action to be amended nor clerical error to be corrected. Georgia law expressly authorizes courts "[t]o amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth." OCGA § 15-1-3 (6). A nunc pro tunc judgment "is an entry made now of something actually previously done to have effect of former date; . . . not to supply omitted action, but to supply omission in the record of action really had but omitted through inadvertence or mistake." (Punctuation omitted.) *In the Interest of H. L. W.*, 244 Ga. App. 498-499 (535 SE2d 834) (2000).

In this case, the record shows that following the jury verdict, which was returned December 21, 2001, Fortner filed a motion for prejudgment interest on February 4, 2002, which the trial court denied on March 27, 2002. The trial court signed the final judgment on May 6, 2002, nunc pro tunc December 21, 2001, stipulating that Fortner would receive 12 percent interest "from the date of this judgment, plus costs of this action." Clearly, the trial court's order simply

gave effect to the jury verdict entered in December. Relaying that Fortner would receive interest on the judgment amount was not an improper attempt to supply omitted action, but merely reflected the law of this State. See OCGA § 7-4-12 ("All judgments in this state shall bear interest upon the principal amount recovered at the rate of 12 percent per year."). That being so, the trial court was authorized to order the "judgment to have been entered on the verdict for the sum of [$500,000], with interest thereon from [December 21, 2001], that being the time the jury, by their verdict, found the principal sum to have been due the plaintiff." *Mayor &c. of Savannah v. Champion*, 54 Ga. 541, 542-543 (1875).

Accordingly, we ascertain no abuse in the trial court's authority in entering its final judgment nunc pro tunc. See *Wingate Land & Dev. v. Robert C. Walker, Inc.*, 252 Ga. App. 818, 823 (5) (558 SE2d 13) (2001).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 19, 2003.

*Jenkins & Nelson, Frank E. Jenkins III*, for appellant.
*Jones, Thompson & Jones, Eric L. Jones, W. McMillan Walker, Morris S. Robertson*, for appellee.

