### A03A0959. FRASER v. THE STATE.
(589 SE2d 329)

PHIPPS, Judge.
A jury found Richard C. Fraser guilty of speeding and reckless driving. He appeals the reckless driving conviction, arguing that the evidence showed only that he was speeding, and that speeding, alone, is insufficient to establish reckless driving. Because the evidence showed that Fraser was speeding in a populated residential area, we affirm.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict to

[9] See *Kemp v. State*, 257 Ga. App. 340, 341 (2) (571 SE2d 412) (2002).

determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

So viewed, the evidence at trial showed that at approximately 12:34 a.m. on February 8, 2001, Officer Carl Wolcott of the Atlanta Police Department observed Fraser driving at a speed of 59 mph on Piedmont Avenue, where the posted speed limit is 35 mph. Wolcott testified that Fraser was

> traveling 24 miles an hour above the speed limit on a city street where people's front yards border. Piedmont would not necessarily be classified as a residential district, but there are driveways to people's houses that empty out onto it. The Prado is there. Certainly Piedmont and Monroe is a very popular night spot. There are pedestrians on the side of the roadway. . . . [A]nd he's traveling into a populated area.

Wolcott pulled behind Fraser to initiate a traffic stop. After approaching Fraser's car, Wolcott smelled alcohol and noticed that Fraser's movements were "lethargic and deliberate." In addition, Fraser's face was flushed, his eyes were bloodshot, and he stumbled over his words. Wolcott asked Fraser to exit the vehicle and perform a series of field sobriety tests. Based on the totality of the circumstances, Wolcott determined that Fraser was "way too impaired to be driving."

Fraser was arrested and later charged with DUI less safe, speeding,[2] and reckless driving. The jury found him guilty of speeding and reckless driving, but not guilty of DUI.[3]

1. "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."[4] To prove reckless driving, the state must show that the defendant committed a specific act evidencing a reckless disregard for the safety of persons or property.[5] While Fraser concedes that he was speeding, he argues that there was no evidence that he committed a specific reckless act.

But speeding, unaccompanied by other traffic violations, *can* form the basis for a reckless driving conviction if the state presents evidence "that a defendant was driving at an excessive rate of speed given the posted speed limit and the driving conditions existing at

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Fraser was found guilty of both exceeding the posted speed limit and driving more than 20 mph faster than the posted limit.

[3] Fraser also was found guilty of driving without insurance, but that charge is not at issue on appeal.

[4] OCGA § 40-6-390 (a).

[5] *Cox v. Allen*, 256 Ga. App. 53, 54 (1) (567 SE2d 363) (2002).

the time."[6] Wolcott testified that Fraser was driving 24 mph above the speed limit on a city street near pedestrians, front yards, and driveways. In addition, Fraser showed signs of impairment due to alcohol consumption.[7] This evidence was sufficient to show that Fraser acted with a reckless disregard for public safety as required for a reckless driving conviction.[8] We therefore affirm the reckless driving conviction.

2. Fraser also argues that the trial court erred by sentencing him on both the reckless driving and speeding convictions. According to Fraser, the speeding offenses factually merged into the reckless driving offense because the same conduct — speeding — was used to prove both crimes.[9] We agree.

In determining whether one crime factually merged into another,

> the dispositive issue is whether the [s]tate "used up" its evidence in proving the crime. . . . [I]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6.[10]

Here, the evidence that Fraser was speeding was essential to the reckless driving conviction. Because the state "used up" the evidence that Fraser was speeding to prove the reckless driving offense, the speeding convictions factually merged into the reckless driving conviction. Although it was proper to prosecute Fraser for both speeding and reckless driving, he should have been convicted and sentenced only for reckless driving.[11] Accordingly, Fraser's conviction and sentence for speeding are vacated.[12]

*Judgment affirmed in part and vacated in part. Blackburn, P. J., and Ellington, J., concur.*

---

[6] (Citation omitted.) *Klaub v. State*, 255 Ga. App. 40, 43 (1) (564 SE2d 471) (2002); see also *English v. State*, 261 Ga. App. 157, 159 (2) (582 SE2d 136) (2003).

[7] Although the jury found Fraser not guilty of DUI, it could have considered the evidence of his impairment in finding him guilty of reckless driving. See *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003) (jury may convict on one count and acquit on another related count to reflect its compromise or lenity).

[8] See *Wilkie v. State*, 216 Ga. App. 557 (455 SE2d 103) (1995) (reckless driving conviction affirmed where evidence showed that defendant sped through a residential neighborhood while police officer pursued with flashing lights).

[9] See OCGA § 16-1-7 (a) (1).

[10] (Citations and punctuation omitted.) *Ruffin v. State*, 252 Ga. App. 289, 291 (2) (556 SE2d 191) (2001).

[11] See *Caldwell v. State*, 263 Ga. 560, 562 (2) (436 SE2d 488) (1993).

[12] See id. at 563.

Decided October 24, 2003.

*Head, Thomas, Webb & Willis, Thomas J. Thomas*, for appellant.
*Joseph J. Drolet, Solicitor-General, Frank T. Gomez, Assistant Solicitor-General*, for appellee.