A07A1563. HORNE v. THE STATE.
(649 SE2d 889)

BLACKBURN, Presiding Judge.

Following a jury trial, Walter McDonald Horne appeals his convictions for DUI (less safe),[1] reckless driving,[2] and running a red light.[3] He challenges the sufficiency of the evidence on the DUI and reckless driving convictions and contends that the trial court erred (i) in admitting his statement to police that he had previously "gotten into trouble" when taking an alco-sensor test, and (ii) in considering improper evidence during the sentencing hearing. We hold that the evidence sufficed to sustain the two challenged convictions and that the evidentiary issues were either waived or meritless. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[4] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[5]

So viewed, the evidence (including a videotape of the June 2006 event) shows that while sitting in his patrol car at the busiest traffic intersection in the county, an officer saw Horne drive through a red stoplight that had turned red some two seconds or more earlier. The officer followed Horne, witnessing him repeatedly weave out of his lane and clocking him at a speed 15 miles per hour over the posted speed limit. Pulling Horne over, the officer approached him and detected the strong smell of an alcoholic beverage exuding from Horne. Horne admitted to drinking at a local bar.

The officer asked Horne to submit to an alco-sensor test, which Horne refused, explaining that "the last time he did that it didn't go so well and he got in trouble." Horne did agree to undergo a series of four field sobriety tests, during each of which he exhibited signs of

---

[1] OCGA § 40-6-391 (a) (1).

[2] OCGA § 40-6-390 (a).

[3] OCGA § 40-6-20 (a).

[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

impairment. Concluding that Horne was impaired, the officer placed him under arrest, read him the appropriate implied consent notice set forth in OCGA § 40-5-67.1 (b), and asked Horne if he would consent to a state-administered breath test; Horne refused. Based on this evidence, a jury found Horne guilty of DUI (less safe), reckless driving, and running a stoplight.

(a) *DUI conviction.* Horne first challenges the sufficiency of the evidence regarding his DUI conviction. OCGA § 40-6-391 (a) (1) prohibits a person from driving a moving vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive. Horne claims there was no evidence of impairment. To prove impairment, the State may present evidence of three types: "(i) erratic driving behavior, (ii) refusal to take field sobriety tests and the breath or blood test, and (iii) the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that the alcohol made it less safe for the defendant to drive." *Jones v. State.*[6] Here the State used all three methods.

(i) *Manner of driving.* Where there is evidence, as here, that the defendant has been drinking, the manner of his driving may be considered on the question of whether he has been affected by alcohol to the extent that he is less safe to drive. *Jones*, supra, 273 Ga. App. at 193 (1) (a). "For example, traffic violations may suggest the negative influence of intoxication on the operation of the vehicle." (Punctuation omitted.) Id. The jury was authorized to conclude that Horne's running a red light, speeding, and failing to maintain his lane were traffic violations evidencing impairment. See id. (running a red light can be a sign of impairment).

(ii) *Refusal to undergo tests.* Horne's "refusal to submit to an alco-sensor test and to a later chemical test of [his] breath is circumstantial evidence of [his] guilt." *Matheson v. State.*[7] See OCGA § 40-5-67.1 (b) (refusal to submit to properly noticed chemical test is admissible against defendant). Together with other evidence, such refusals "would support [the] inference that [Horne] was an impaired driver." (Punctuation omitted.) *Jones*, supra, 273 Ga. App. at 194 (1) (b).

(iii) *Officer's observations and opinion.* Beyond the strong smell of alcohol coming from Horne, the officer conducted four field sobriety tests on Horne, each of which indicated that Horne was impaired. Based on Horne's performance and on his driving behavior, the experienced officer conducting the traffic stop testified that, in his opinion, Horne was intoxicated to the extent that it was less safe for

---

[6] *Jones v. State*, 273 Ga. App. 192, 193 (1) (614 SE2d 820) (2005).
[7] *Matheson v. State*, 249 Ga. App. 200, 201 (1) (547 SE2d 774) (2001).

him to drive. See *Lewis v. State*[8] ("[a] police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether appellant was under the influence to the extent it made him less safe to drive").

The evidence cited above provided the jury with a sufficient basis for finding Horne guilty of DUI (less safe). See *Drogan v. State;*[9] *Long v. State.*[10]

(b) *Reckless driving conviction.* Horne's challenge to the sufficiency of the evidence for the reckless driving conviction also fails. OCGA § 40-6-390 (a) provides that "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." Here, while impaired by alcohol, Horne in the midst of other traffic blatantly ran a red light at a busy intersection, exceeded the speed limit by 15 miles per hour, and wove in and out of his lane. We hold that this sufficed to show the elements of reckless driving. See *Pinch v. State*[11] (speeding, abrupt lane changes, and running stop sign showed reckless driving); *Fraser v. State*[12] (driving at excessive rate of speed under certain driving conditions and while impaired by alcohol showed reckless driving).

2. Horne contends that the trial court erred in allowing as evidence Horne's explanation to the officer that he did not want to take the alco-sensor test because he had previously gotten into trouble when doing so. However, Horne failed to object to the admission of this evidence. "It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial." (Punctuation omitted.) *Winter v. State.*[13] Moreover, any such objection would have been futile, for Horne's statement explained the reason for his refusal, was spontaneous and unsolicited, and was made immediately following his impaired driving; accordingly, the statement was admissible as part of the res gestae. See *White v. State.*[14] See also *Brooks v. State.*[15] "This is true even if the defendant's character is incidentally placed in issue." (Punctuation omitted.) *Derrick v. State.*[16]

3. Horne argues that the trial court considered improper evidence in aggravation of punishment during the sentencing phase of

[8] *Lewis v. State*, 214 Ga. App. 830, 832 (1) (449 SE2d 535) (1994).

[9] *Drogan v. State*, 272 Ga. App. 645, 647 (1) (b) (613 SE2d 195) (2005).

[10] *Long v. State*, 271 Ga. App. 565, 566-567 (1) (610 SE2d 74) (2005).

[11] *Pinch v. State*, 265 Ga. App. 1, 4-5 (3) (593 SE2d 1) (2003).

[12] *Fraser v. State*, 263 Ga. App. 764, 765-766 (1) (589 SE2d 329) (2003).

[13] *Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001).

[14] *White v. State*, 276 Ga. 583, 588 (1) (c) (581 SE2d 18) (2003).

[15] *Brooks v. State*, 199 Ga. App. 525, 526 (1) (405 SE2d 343) (1991).

[16] *Derrick v. State*, 263 Ga. 766, 768 (2) (438 SE2d 903) (1994).

the trial. Specifically, Horne claims that the court considered evidence from Horne's Georgia Crime Information Center record (read to the trial court by the State), which included an erroneous statement (corrected by Horne's attorney) that Horne had a felony probation violation open on the record. Horne complains that he received no pre-trial notice of this evidence and that only certified copies of the convictions should have been admitted.

Horne, however, failed to object to the admission of this evidence when it was presented by the State; this silence waived the issue. See *Armstrong v. State*;[17] *Swain v. State*.[18] Moreover, even if Horne had preserved the issue for review, the statute he cites for requiring a pre-trial notice of such evidence (former OCGA § 17-10-2 (a)) applies to felonies only, not to misdemeanors as we have before us here. See *Mattarochia v. State*.[19] Even more significant is that the statute was amended (effective July 1, 2005) to eliminate the requirement that the State notify the defendant of aggravating evidence prior to trial. Ga. L. 2005, p. 20, § 11.

Finally, even if this evidence were improper, "there is a presumption, *in the absence of a strong showing to the contrary*, that the trial judge sifts the wheat from the chaff, ignoring illegal evidence and considering only legal evidence." (Punctuation omitted; emphasis in original.) *Fraser v. State*.[20] Horne has made no strong showing that the court relied upon this allegedly improper evidence in making its determination.

*Judgment affirmed. Ruffin and Miller, JJ., concur.*

DECIDED JULY 20, 2007 —

*Dupree & Kimbrough, Michael S. Kimbrough, Nancy I. Jordan, William C. Head*, for appellant.

*David L. Cannon, Jr., Solicitor-General, Kelly F. Gray, Assistant Solicitor-General*, for appellee.

---

[17] *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994).
[18] *Swain v. State*, 268 Ga. App. 135, 138 (2) (601 SE2d 491) (2004).
[19] *Mattarochia v. State*, 200 Ga. App. 681, 685 (6) (409 SE2d 546) (1991).
[20] *Fraser v. State*, 283 Ga. App. 477, 481 (3) (b) (642 SE2d 129) (2007).