**SECOND DIVISION**
**ELLINGTON, C.J., BARNES, P. J., and**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 26, 2013**

# In the Court of Appeals of Georgia

A12A1773. BURDETTE v. McDOWELL et al.

MCFADDEN, Judge.

Scott Blaine Burdette appeals from the judgment on a defense verdict and from the denial of his motion for new trial in this personal injury action. Burdette argues that the trial court erred in admitting hearsay; but, because his objection to that evidence below was on grounds other than hearsay, he has not preserved the hearsay issue for consideration on appeal. He argues that the trial court erred in refusing to give a requested jury instruction, but the charge the court gave accurately and sufficiently covered the issue addressed in the rejected instruction. Finally, he argues that the trial court erred in refusing his request to poll the jurors after the verdict, but the decision whether to poll the jury is discretionary, and he cannot show by the appellate record that the trial court abused its discretion.

This case arises out of a series of collisions on a rainy afternoon in March 2003 along a portion of Interstate 20 in Columbia County. Burdette was driving a Mazda Miata, heading east toward Augusta. Ten to 14 accidents had occurred in a thirty-minute period on that portion of I-20. That portion of I-20 East is two lanes. Burdette was in the right lane, behind a tractor-trailer truck with a blue cab. Another tractor-trailer truck was to his left.

The circumstances leading up to the collision at issue are disputed. According to Burdette, the tractor-trailer to his left started moving into his lane. But the driver of that truck, Seth Graves, contended he was stopped in the left lane behind a box truck driven by Johnnie Earl Horne. Horne, on the other hand, testified that Graves had told him that Graves was moving at the time.

The truck with the blue cab in front of Burdette began braking, eventually colliding with the truck in the left lane driven by Graves. Burdette drove to the right, into the emergency lane, and collided with another truck, a tanker, which was parked there. The tanker truck had pulled into the emergency lane after it had been clipped by yet another truck. The driver of the tanker truck had not used any emergency illuminating triangles to warn of his truck's presence. Burdette was severely and permanently injured.

2

1. *The admission of a diagram attached to a police report.*

Burdette enumerates as error that the trial court's decision to admit "hearsay police report diagrams for the jury in this case." Specifically, he argues about a diagram prepared by an investigating officer, which reinforced defense testimony as to a disputed fact. It showed that the truck driven by Graves was stopped behind a box truck, as Graves testified, rather than moving, as Burdette and Horne testified.

Burdette contends that the trial court erred by admitting improper hearsay testimony, in the form of the diagram, from the investigating officer who prepared it. Burdette's counsel did object at trial to the admission of the diagram, but not on hearsay grounds. Rather, Burdette objected to the proferred police reports as a group, arguing that they were irrelevant because some of them concerned accidents that occurred in the westbound lanes of Interstate 20 and because they concerned accidents that occurred miles away from the scene of Burdette's accident. Burdette's relevancy objection was not "sufficient to notify the trial court of the legal ground at issue here so that its applicability could be measured and error avoided." (Citation and punctuation omitted.) *Slade v. State*, 287 Ga. App. 34, 35 (1) (651 SE2d 352) (2007). "To preserve an objection upon a specific ground for appeal, the objection on that specific ground must be made at trial, or else it is waived." *Holloway v. State*,

3

278 Ga. App. 709, 713 (4) (629 SE2d 447) (2006). Because Burdette failed to object on hearsay grounds to the admission of the accident report, he failed to preserve this issue for appeal. *Edwards v. State*, 282 Ga. 259, 260 (4) (646 SE2d 663) (2007).

2.    *The failure to give Burdette's requested jury charge.*

Burdette was cited for traveling too fast for conditions, and he forfeited his bond on the citation. At trial, he explained his reasons for failing to contest the charge: his injuries had incapacitated him and his recovery was the focus of his concern.

The trial court instructed the jury that "[f]orfeiting one's bond on a traffic citation is an admission of guilt. However, it is not conclusive evidence that the individual was negligent. It is only one circumstance for you to consider, along with all the other evidence." Burdette argues that the court should have added that he was legally entitled to introduce evidence about his reasons for failing to contest the citations. He does not deny that the trial court allowed him to introduce such evidence, and that he, in fact, did so.

In reviewing a trial court's refusal to give a requested jury instruction, "we must look to the jury charge as a whole, and if the jury charge as a whole accurately and fully apprised the jury of the law to be applied in its deliberations, then the

4

refusal to give an additional instruction, even if that additional instruction were accurate, does not amount to error." (Citation omitted.) *Harrison v. State*, 309 Ga. App. 454, 457 (2) (a) (711 SE2d 35) (2011). In this instance, "we discern no error in the trial court's refusal to give [Burdette's] requested charge on forfeiture because the trial court fully and fairly charged the jury on the issue." *Coleman v. Fortner*, 260 Ga. App. 373, 375 (1) (b) (579 SE2d 792) (2003).

The court charged the jurors that the bond forfeiture was, "not conclusive evidence that the individual was negligent. It is only one circumstance for you to consider, along with all the other evidence." That charge provided a foundation sufficient to enable Burdette to argue to the jurors that they should disregard his bond forfeiture in light his explanation of that forfeiture.

The trial court's charge accurately stated the law regarding the effect of a party's bond forfeiture and made clear that the jury should consider all evidence to determine the issues in the case. We find no error.

3.     *The denial of Burdette's request to poll the jurors.*

After the jury returned its verdict, counsel for Burdette asked to poll the jury, but the trial court denied the request. Burdette argues that the trial court erred in refusing that request. He argues that to the extent the law does not mandate a jury poll

5

in civil cases upon request, it should be changed. He argues that civil litigants have the right to a unanimous verdict and without a poll of the jury to determine unanimity, the right is meaningless.

Regardless of the merits of Burdette's argument that civil litigants should have a right to a jury poll, we are constrained to reject that argument by long-standing Supreme Court precedent that whether or not to poll the jury in a civil case is a matter within the discretion of the trial court. See *Peavey v. Crawford*, 192 Ga. 371, 373 (2) (15 SE2d 418) (1941); *Bell v. Hutchins*, 86 Ga. 562, 571 (12 SE 974) (1891). See also *McNeil v. Cowart*, 186 Ga. App. 411, 414 (2) (367 SE2d 291) (1988); *White v. Seaboard Coast Line R. Co.*, 139 Ga. App. 833, 835 (1) (229 SE2d 775) (1976); *Ludwig v. J. J. Newberry Co.*, 78 Ga. App. 871, 875 (1) (c) (52 SE2d 485) (1949). "Polling the jury, in a civil case, is a matter within the discretion of the trial judge, . . . and we will not undertake to control his discretion upon these matters of practice." *Bell*, 86 Ga. at 571.

A trial court should have "good reason" for exercising its discretion to deny a request for a jury poll. See *Smith v. Mitchell*, 6 Ga. 458, 465 (1849) ("[A]lthough it is not the right of the parties, necessarily, to poll the [j]ury, yet it is a privilege within the discretion of the [c]ourt, which it will not, without good reason, deny to them.").

6

If the record reflected that the trial court had refused to poll the jury on the basis of an inflexible rule or policy, its decision would have been an unsustainable refusal to exercise its discretion. See *Walker v. State*, __ Ga. __, __ (2), (Case No. S12A1575, decided Jan. 7, 2013); *Brown v. State*, 65 Ga. 332, 337 (1880); *Ramage v. State*, 259 Ga. App. 616, 617 (578 SE2d 245) (2003).

But "[t]he burden of showing an abuse of discretion [is] upon the party attacking the judge's order, and no such showing has been made." (Citation and punctuation omitted.) *Lowe v. Taylor*, 180 Ga. 654, 660 (180 SE 223) (1935). Here the record shows the following colloquy occurred after the court read the jury's verdict:

The court: Counsel, do you want to review the form of the document?

Plaintiff's counsel: Yes, Your Honor. At the appropriate time, we would ask for a poll.

The court: And that's going to be denied.

Plaintiff's counsel: A poll of the jury?

The court: Yes.

Plaintiff's counsel: We can't poll the jury?

7

The court: No sir. Anything else? Do you want to look at the verdict form?

Defense counsel: Your Honor, may I -- may we approach the bench for a second?

The court: Sure.

(untranscribed bench conference)

The court: Ladies and gentlemen, as I said earlier, thank you for your service. If anyone wants to speak to you about your service, you may, but I'm going to give you a head start. So, I'm going to let you leave. If you choose to speak with anyone, you may. You may elect not to. Thank you again for your service. You're free to go. Please rise for the jury.

(jury retires from courtroom).

We recognize that the purpose of polling the jury is to unearth problems that would not otherwise come to light and that it is therefore difficult to make a particularized argument for polling a jury in a specific case. We do not undertake today to prescribe what must be done in order to preserve error in such cases. Our decision today is controlled by the rule that, "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding,

8

and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." *McKissick v. Aydelott*, 307 Ga. App. 688, 692 (1) (705 SE2d 897) (2011); *Renshaw v. Feagin*, 199 Ga. App. 148, 151 (4) (404 SE2d 457) (1991).

Here, Burdette cannot show by the record that the trial court abused its discretion in denying his request to poll the jury. He therefore has not demonstrated that he is entitled to a reversal on this ground. See *Luke v. Luke*, 159 Ga. 551, 555 (126 SE 374) (1925) (absent a showing on the record, appellate courts "must presume that there was no abuse of discretion"); *Brown v. State*, 148 Ga. 264, 266 (96 *SE* 435) (1918) ("[I]n the absence of any showing to the contrary, we presume the court's discretion . . . was judiciously exercised.").

*Judgment affirmed. Ellington, C.J. concurs and Barnes, P. J.,concurs fully and specially.*

A12A1773. BURDETTE v. MCDOWELL et al.

BARNES, Presiding Judge, concurring specially.

I concur fully in the majority opinion in this case. However, I write separately to emphasize that while trial courts have the discretion to decide whether to poll the jury in civil cases under our Supreme Court's precedent, I believe that trial courts should routinely exercise their discretion in favor of allowing jurors to be polled. The polling of jurors in open court is an important safeguard to ensure that the jury's verdict was unanimous. A juror may initially assent to a verdict in the privacy of the jury room out of pressure from other jurors, a desire to end prolonged deliberations, or a misunderstanding of the facts or the law, but then, upon further reflection, be unwilling to continue to give his or her assent when individually questioned in open court. Consequently, I believe that, absent unusual circumstances, the better and more prudent practice is for trial courts in civil cases to poll the jury when a party timely requests for them to do so.